IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In re Google Plus Profile Litigation*   }   Case No. 5:18-cv-06164-EJD (VKD)

### CLASS MEMBER STEVEN DAVIS'S VERIFIED OBJECTION TO PRELIMINARY CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1. I, Steven Davis, a member of the settlement class in the above-captioned case, hereby object to the proposed class action Settlement Agreement, for the reasons set forth below and in the accompanying memorandum.

2. I have resided in the United States my entire life. My current address is 734 Syracuse Ave Apt 2N, University City, MO 63130. My telephone number is (913) 683-3719. My email address is stevenxdavis@yahoo.com.

3. I am a member of the settlement class, as provisionally certified in the Court's Preliminary Approval Order of the proposed class action Settlement Agreement, because I reside in the United States; "had a consumer Google+ account for a[] period of time between January 1, 2015 and April 2, 2019" associated with the email address jurassicstrain@gmail.com; and, to the best of my knowledge, "had [my] non-public Profile Information exposed as a result of the software bugs Google announced on October 8, 2018 and December 10, 2018." ECF No. 71, ¶ 2. No exclusion in the Settlement Agreement applies to me.

4. I object to the Settlement Agreement, as it applies to the entire class, on the following grounds:

   A. The Settlement Notice and Settlement Website fail to provide sufficient notice to potential class members of how to determine whether they are class members, the

1

RECEIVED
AUG 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

practicability of disbursing funds to all class members, and the court-ordered requirements for filing an objection.

B. The Claim Form forces class members to verify, under penalty of perjury, information that they cannot reasonably ascertain without extrinsic evidence.

C. The terms of the Settlement Agreement will provide insufficient relief to class members based on the parties' estimate of the size of the class.

5. I further object to the Settlement Agreement, as it applies to me, on the grounds that I have no extrinsic evidence to conclusively determine whether "I shared [private] information with another Google+ user through the Google+ service or I authorized an app to access my Google+ profile field information" as required by the Claim Form. ECF No. 57-2, at 28.

6. I have never objected to any other class action settlement, including in the last three years.

7. Pursuant to 28 U.S.C. § 1746(2), I verify under penalty of perjury that the foregoing is true and correct. Executed on August 10, 2020.

Steven Davis
*Objector, Pro Se*
734 Syracuse Ave Apt 2N
University City, MO 63130
Cell: (913) 683-3719
Fax: (913) 273-0100
stevenxdavis@yahoo.com

## MEMORANDUM OF POINTS AND AUTHORITIES

**8.** Objector Steven Davis ("Davis") brings this objection to the proposed class action settlement agreement ("Settlement Agreement"), ECF No. 57-2,[1] pursuant to Federal Rule of Civil Procedure 23(e)(5) and the Court's order granting preliminary approval of the class action settlement ("Approval Order"), ECF No. 71, ¶ 23.

**9.** Before approving a class action settlement, the Court must define the class, Fed. R. Civ. P. 23(c)(1)(B), provide adequate and reasonable notice to class members, *id.* 23(c)(2), (e)(1), and ensure that the settlement is fair, reasonable, and adequate, *id.* 23(e)(2). Any class member may object to the settlement if it fails to satisfy the requirements of Rule 23. *Id.* 23(e)(5)(A).

**10.** In this case, the Settlement Agreement establishes an unworkable definition of the class, imposes an undue burden on objectors to disclose prior class action settlement objections (the "disclosure requirement") in violation of Rule 23 and the Due Process Clause of the Fifth Amendment, and has indefinite terms that fail to provide class members with adequate and reasonable notice of how their rights will ultimately be affected. The Settlement Notice, ECF No. 57-2, at 30–34, and the Settlement Website, www.GooglePlusDataLitigation.com, are likewise insufficient to enable class members to reasonably determine the appropriate course of action.

**11.** Furthermore, the Claim Form, ECF No. 57-2, at 27–28, establishes eligibility requirements that force class members to verify, under penalty of perjury, information that they cannot reasonably ascertain without extrinsic evidence.

**12.** Finally, the terms of the Settlement Agreement do not provide adequate redress for class members' injuries, based on the parties' estimate of the size of the class.

---

[1] All ECF Nos. refer to the docket of *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (VKD) (N.D. Cal.).

**13.** For the reasons set forth below, Davis requests the Court hold final approval of the Settlement Agreement in abeyance until these problems are resolved and deny final approval of the Settlement Agreement if the parties cannot resolve the problems.

## Argument

### I. Problems with the Settlement Agreement

#### A. *The disclosure requirement violates Rule 23 and the Due Process Clause.*

**14.** As filed, the Approval Order requires that all objections "must include . . . the number of class action settlements objected to by the Settlement Class Member in the last three years, and a list of those cases by case name and number." ECF No. 71, ¶ 23; *see also* Settlement Agreement, ECF No. 57-2, § 5.1.2(e). Notably, the disclosure requirement does not ask whether the class member's objections were overruled or found frivolous, vexatious, or dilatory, just whether the objector made any objections whatsoever.

**15.** By its use of the word "must," this disclosure requirement is clearly mandatory, but even if the Court intended it to be directory, a class member reading the Approval Order could (and likely would) reasonably construe it as mandatory.

**16.** A mandatory disclosure requirement violates Rule 23(e)(5) by imposing additional requirements for objectors that will not assist the Court in determining whether to approve the Settlement Agreement. The disclosure requirement also violates the Due Process Clause of the Fifth Amendment by unreasonably burdening objectors' right to be heard before being bound by the Court's judgment.[2] The Court should therefore consider all objections from class members, whether or not they obey the disclosure requirement.

---

[2] To ensure the Court considers his Objection, Davis followed the disclosure requirement out of an abundance of caution. *See supra* ¶ 6. Davis still believes that he should not have been required to do so and does not waive his right to argue as much.

4

### 1. The disclosure requirement violates Federal Rule of Civil Procedure 23(e)(5).

**17.** Rule 23(e)(5) states that "[a]ny class member may object to the [settlement] proposal if it requires court approval . . . ." It stands to reason that the Court can impose requirements for objectors to ensure they are actually class members and are objecting to the settlement in the correct case. Thus, threshold requirements that class members provide information identifying themselves and the case are reasonably necessary to satisfy Rule 23(e)(5).

**18.** However, the disclosure requirement forces objectors to provide the Court with information that is irrelevant to whether this Settlement Agreement actually satisfies Rule 23. The disclosure requirement will certainly help the Court determine how the class member has responded to prior settlements, but those prior objections do not affect the appropriateness of the Settlement Agreement unless the prior class action arose from the same operative facts as the instant case. Even then, the proper course of action would be to have the named parties address the effect of any prior settlements and objections on the instant case to ensure the issues are fully litigated through the adversarial process.

**19.** The text of Rule 23 does not contemplate burdens on objectors that go beyond identifying themselves and the case, particularly where those burdens fall on many objectors who are not vexatious litigants. In other words, Rule 23 allows *any* class member to object, not "any class member who has kept quiet in other class actions" or "any class member who has behaved himself." *See* Fed. R. Civ. P. 23(e)(5).

**20.** Even if Rule 23 could reasonably be interpreted otherwise, the Court should interpret it as disallowing such burdens under the doctrine of constitutional avoidance to avoid passing on the constitutional question of whether the disclosure requirement violates the Due Process Clause.

### 2. The disclosure requirement violates the Due Process Clause.

**21.** Assuming the disclosure requirement comports with Rule 23, it still violates the Due

5

Process Clause both because it selects some objectors for disfavor for exercising their right to be heard in previous cases and because it bars class members from objecting if they cannot attest to the disclosure requirement under penalty of perjury.

22. Because it provides no information about the instant settlement, the disclosure requirement clearly serves to inform the Court about the objector's litigation history – in short, to root out troublemakers. If the disclosure requirement were clearly tailored for this purpose, it might pass muster, but it does not distinguish between class members who presented objections in good faith and those who presented frivolous, vexatious, or dilatory objections. Any repeat objector is thus presumed vexatious. The Court could not constitutionally bar a litigant from filing a lawsuit based solely on how many lawsuits he has filed before without first finding a pattern of bad faith; the same limitation must apply here.

23. Furthermore, by imposing the requirement unilaterally, the Court has erected a barrier for *all* class members pursuing their constitutional and Rule 23 rights to object to a class action settlement before they are bound by it. A class member who is unsure whether he has objected to another class action, cannot locate a case name or docket number, provides an incorrect case name or docket number, or otherwise fails to fully satisfy the disclosure requirement, cannot ensure his voice is heard, even if his objection is meritorious.[3] The problem is exacerbated because many objectors (including the undersigned) file objections pro se and should not have to do this homework merely to voice their concerns in Court.

### B. *The class definition is unworkable.*

24. Pursuant to the Approval Order, the settlement class is defined as: "All persons residing

---

[3] To be clear, Davis is entirely certain he has not objected to any prior class-action settlement but is presenting these hypothetical scenarios for the sake of argument.

within the United States who (1) had a consumer Google+ account for any period of time between January 1, 2015 and April 2, 2019; and (2) had their non-public Profile Information exposed as a result of the software bugs Google announced on October 8, 2018 and December 10, 2018." ECF No. 71, ¶ 3; *see also* Settlement Agreement, ECF No. 57-2, § 1.8.

**25.** First, the Settlement Website does not include Google's actual announcements anywhere. Class members who want to determine whether the bugs affected them must pay to read a *Wall Street Journal* article, *see* First Amended Complaint ("FAC"), ECF No. 26, at 1 n.1, click through a *ZD Net* article, *see id.* at 6 n.13, and/or click through a *Verge* article, *see id.* n.15.[4]

**26.** Having done so, a class member will find the October Announcement[5] and the December Announcement.[6] Given that Google has not conceded responsibility in this case, it is unsurprising that neither announcement actually says that any non-public Profile Information was exposed, merely that some developers "inadvertently had access." *See* December Announcement. Because the class definition incorporates these announcements and does not define the term "exposed," it is too indefinite to actually notify potential class members of their status. Indeed, the definition arguably applies to no one at all.

**27.** For a potential class member to determine whether he is in fact a class member, he must figure out whether he added non-public information to his profile and shared it with a third-party app or another Google+ user. December Announcement; *accord* Claim Form, ECF No. 57-2, at

---

[4] The class member could also, rather fittingly, search for the announcements via Google's search engine.

[5] Ben Smith, *Project Strobe: Protecting Your Data, Improving Our Third-Party APIs, and Sunsetting Consumer Google+*, Google Blog (Oct. 8, 2018), https://www.blog.google/technology/safety-security/project-strobe/.

[6] David Thacker, *Expediting Changes to Google+*, Google Blog (Dec. 10, 2018), https://www.blog.google/technology/safety-security/expediting-changes-google-plus/.

28. Nothing on the Settlement Website informs class members how they can make this determination; the FAQ for "How do I know if I am part of the Settlement Class?" merely parrots the class definition – again, without providing the text of the announcements or mentioning the eligibility requirements on the Claim Form.[7]

**28.** Because Google+ is no more, *see* December Announcement, there is no way – certainly no easy way – for class members to determine what non-public information was on their Google+ profile and what friends and apps they shared that information with, if any. Without extrinsic evidence to help them, class members must think back through their storied Google+ histories and make their best efforts to attest that their recollection is accurate.[8]

**29.** If the parties cannot manage this feat, class members should not be forced to rack their brains under penalty of perjury to do so. This Court should amend the class definition by removing the implied eligibility requirement for class members to have shared information with another Google+ user or a third-party app.

### C. The Settlement Agreement does not establish that paying damages is practicable.

**30.** The parties have acknowledged that they do not know how many Google+ users had their non-public Profile Information exposed, although they estimate it was approximately 10 million U.S. accounts, *see* Plaintiffs' Notice of Motion for Preliminary Approval of Class Action Settlement, ECF No. 57, at 6, out of approximately 52.5 million total affected users, *see* December Announcement.

**31.** Although the Settlement Agreement provides for pro rata allocation of funds up to $12

---

[7] Settlement Website, https://googleplusdatalitigation.com/frequently-asked-questions.php (last visited Aug. 10, 2020).

[8] Indeed, Google's approach bears the hallmarks of victim-blaming. Rather than acknowledge responsibility, Google seems to be suggesting that class members erred by sharing their profile information with apps and other Google+ users, a practice Google facilitated and encouraged.

8

per class member, there is no minimum allocation. ECF No. 57-2, § 2.10. Assuming Class Counsel is awarded $2 million, and 10 million class members file claims, then each class member will get just 55 cents. Not only is this amount too small to meaningfully compensate class members for their injuries, the costs of disbursement may swallow up the funds.

32. If the class is too numerous and the parties pursue a purely cy pres settlement, then the Court should conduct a more searching inquiry of what organizations will receive the funds and whether the settlement would provide any relief to class members at all.

## II. Problems with the Settlement Notice, Settlement Website, and Claim Form

33. As explained above, the Settlement Notice and Website do not provide the notified individuals with enough information to determine whether they are actually class members. As set forth below, the Settlement Notice and Website also provide inaccurate and incomplete information about how class members may object to the Settlement Agreement.

### A. The Settlement Notice omits the disclosure requirement.

34. Although the Approval Order and Settlement Agreement include the disclosure requirement, the Settlement Notice does not. *Compare* ECF No. 71, ¶ 23, *and* ECF No. 57-2, § 5.1.2(e), *with* ECF No. 57-2, at 32. A class member drafting an objection based on the Settlement Notice would therefore fail to satisfy all requirements of the Approval Order. A Settlement Notice that does not actually notify class members of the terms agreed to by the parties and ordered by the Court is clearly deficient. Assuming the disclosure requirement is valid, *see supra* Section I.A., the Court should nevertheless waive it for all objectors because it was not communicated to class members in the Settlement Notice.

### B. The Settlement Notice misstates how objections must be submitted.

35. The Approval Order requires that "an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the address listed in the Long

Form Class Notice." ECF No. 71, ¶ 23. The Settlement Agreement mandates that all objections are waived unless they are timely submitted to the Court. ECF No. 57-2, § 5.2(c).

36. In contrast, the Settlement Notice states that a "completed [o]bjection must be submitted . . . online at www.GooglePlusDataLitigation.com, or via postal mail . . ." to the Settlement Administrator. ECF No. 57-2, at 33. However, the Settlement Administrator is not obligated to forward objections to the Court. *See* ECF No. 57-2, § 6.1 (describing the Settlement Administrator's duties without mentioning objections).

37. An objector following the Settlement Notice by mailing his objection to the Settlement Administrator would violate the Approval Order because the objection would not be "filed with or mailed to the Court." Indeed, an objector could reasonably believe that it would be *improper* to file an objection with the Court because the Settlement Notice says that an objection "must be submitted" to the Settlement Administrator. This is underscored by a notice on the Settlement Website discouraging class members from contacting the Court.[9]

38. An objector following the Settlement Notice by filing his objection on the Settlement Website would violate the Approval Order twice, first by failing to submit the objection to the Court and again by failing to mail it to the Settlement Administrator. ECF No. 71, ¶ 23 ("[A]n objection must be . . . mailed to the Settlement Administrator.").

39. To remedy class members' conflicting obligations, the Court should explicitly direct the Settlement Administrator to file all objections they receive on the case docket, using the deadlines set forth in the Settlement Agreement. ECF No. 57-2, § 5.2(a)–(b). That is, objections should be docketed if they are received via the Settlement Website before 11:59 p.m. PDT on

---

[9] Settlement Website, https://googleplusdatalitigation.com/frequently-asked-questions.php (last visited Aug. 10, 2020) ("Please do not telephone the Court or the Court Clerk's Office to inquire about the Settlement.").

October 8, 2020 or mailed to the Settlement Administrator in envelopes postmarked on or before October 8, 2020. Similarly, the Court should amend ¶ 23 of the Approval Order to allow parties to serve objections on the Settlement Administrator via the Settlement Website.

**40.** Finally, to the extent that the parties agreed on these terms in the Settlement Agreement and Approval Order, they should be estopped from challenging the Court's receipt of any objection submitted in substantial compliance with any provision of the Settlement Agreement, Approval Order, or Settlement Notice.

### III. Problems with the Approval Order and Class Counsel

**41.** As entered by the Court, the Approval Order is inconsistent with the Settlement Agreement, Settlement Notice, Settlement Website, and Claim Form in several respects. *See supra* Part II. To the extent that these problems are traceable to errors by Class Counsel, Davis suggests the Court take those errors into consideration when awarding attorneys' fees and costs, particularly for any work required to remedy the problems. In all other respects, Class Counsel's performance has been more than adequate. *See* Fed. R. Civ. P. 23(e)(2)(A).

Dated this 10th Day of August, 2020.

Respectfully submitted,

Steven Davis
*Objector, Pro Se*
734 Syracuse Ave Apt 2N
University City, MO 63130
Cell: (913) 683-3719
Fax: (913) 273-0100
stevenxdavis@yahoo.com

CC: Settlement Administrator



US POSTAGE & FEES PAID
3 OZ FIRST-CLASS PKG RATE
ZONE 7 NO SURCHARGE
ComBasPrice

062S0011067623
FROM 63130



stamps
endicia
08/10/2020

## USPS FIRST-CLASS PKG™

Steven Davis
734 Syracuse Ave Apt 2N
University City MO 63130

C060

SHIP TO: Clerk's Office
United States District Court
280 South First Street
San Jose CA 95113-3002

**USPS TRACKING #**



9400 1118 9956 3078 7982 10