August 11, 2020

**RE: Objection Process –** *In re Google Plus Profile Litigation*, **5:18-cv-6164-EJD (VKD)**

Dear Honorable Judge Davila,

    I am a civil rights attorney based in Colorado. I recently received notice of the preliminarily approved settlement in the above-referenced case and filed my objection to such. A copy is attached for your review. Notably, I have never filed an objection to a proposed settlement of a class action despite having been notified of many over the years. However, this one in particular gave me pause given the definition of the class. My concerns are more thoroughly laid out in the attached objection.

    Upon preparing to submit my objection, something else caused me concern. Specifically, these were the rules surrounding the submission:

> **How do I object to the Settlement?**
> If you are a Settlement Class Member and do not opt out of the Settlement Class, you may object to any aspect of the Settlement. This includes commenting on the applications for Class Representative Service Awards or the award of attorneys' fees, costs, and expenses.
> Your completed Objection must be submitted no later than October 8, 2020 online at www.GooglePlusDataLitigation.com, or via postal mail to the following address: Google Plus Data Litigation, Attn: Settlement Objections, P.O. Box 58220, Philadelphia, PA, 19102.
> Any Objection must be in writing and must:
>     a. Clearly identify the case name and number, *In re Google Plus Profile Litigation*, Case No. 5:18-cv-06164-EJD;
>     b. Include the full name, address, telephone number, and email address of the person objecting;
>     c. Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);
>     d. State whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the Objection; and
>     e. **<u>Be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit.</u>**
> Settlement Class Members who fail to submit timely written Objections in the manner specified above will waive their right to object to any aspect of the Settlement.

I added the emphasis to paragraph e.

    Truly, I was and still am amazed that this is part of the objection process. Certainly, most people will have difficulty meeting this requirement. As I noted in my objection, even I as a

# DECLARATION OF LAURA WOLF

I, Laura Wolf, swear that the following is true and correct to the best of my knowledge and information:

1. My name is Laura Wolf. I am over 18 years of age and am competent to make this declaration. I make the following statements based on my personal knowledge.

2. Attached as **Exhibit 1** is the objection I wrote, the fact of which I hereby verify under penalty of perjury.

I, Laura Wolf, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and the laws of the United States of America that the proceeding is true and correct, based on my personal knowledge.

Dated: 8/5/20

_____
Laura Wolf



RECEIVED
AUG 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

August 5, 2020

**RE: <u>Amended</u> Objection to Settlement – *In re Google Plus Profile Litigation*, 5:18-cv-6164-EJD (VKD)**

Person Objecting (unrepresented):
Laura Wolf
1111 Osage Street, Unit 24
Denver, CO 80204
520-664-7647
labewo@gmail.com

Objection Application: Entire Class

Settlement Administrator,

    I am writing to object to the settlement terms in the above captioned case. This is an amended objection on account of my previous objection not including the required information listed in the email notification I received. This amended objection includes all such required information above and is accompanied by a sworn declaration.

    I am a practicing civil rights attorney who received notice of this potential settlement as a putative class member. Upon reading the terms of the agreement, it appears there is little benefit this case has had or will provide to the countless individuals whose private information was compromised. At the very most – and depending on the number of claims submitted – each person will be entitled to a maximum of $12. What is more, the class definition itself makes it nearly impossible for anyone to submit a claim in good faith. Specifically, the class is defined as:

> All persons within the United States who (a) had a consumer Google+ account for any period of time between January 1, 2015 and April 2, 2019, ***and*** (2) had their non-public Profile Information **exposed *as a result of <u>the software bugs</u>*** Google announced on October 8, 2018 and December 10, 2018. Excluded from the Settlement Class are (a) Google and its officers, directors, employees, subsidiaries, and Google Affiliates; (b) all judges and their staffs assigned to this case and any members of their immediate families; (c) the Parties' counsel in this litigation; and (d) any Excluded Class Member.

    I imagine that for nearly every putative class member, there is no way of knowing whether their non-public Profile Information was exposed, let alone exposed as a result of software bugs, and let alone on account of <u>the</u> specific software bugs that Google announced on October 8, 2018 and December 10, 2018.

    Given that there is no way for a person to in good faith assert membership of the defined class, and considering that even if there were their compensation would be limited to no more than $12, I have to firmly object to the settlement terms. It appears the case is far more about the attorneys' fees than about any relief for those harmed by the release of their private information.

EXHIBIT 1

I should also note that I believe the requirements for objecting – specifically that the objection be accompanied by a sworn statement – is so onerous and confusing to lay persons that most individuals with an objection will not meet these standards. What is more, while a sworn statement is required, there is no indication as to what the affiant or declaration should be attesting. I believe this is another tactic to make objecting nearly impossible. My belief is the Court should remove this requirement and also consider any objections that have already been submitted without a sworn statement attached.

Please do not hesitate to contact me with any questions or concerns at labewo@gmail.com.

Sincerely,

Laura B. Wolf

Laura Wolf
Unit 24
1111 Osage St
Denver, CO 80204-3448

DENVER CO 802

11 AUG 2020 PM 2 L



Hon. Judge Davila
San Jose Courthouse, Courtroom 4
280 S. 1st Street
San Jose, CA 95113

RECEIVED
AUG 17 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

95113-300299