IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In re Google Plus Profile Litigation*   }    Case No. 5:18-cv-06164-EJD (VKD)

---

**CLASS MEMBER STEVEN DAVIS'S VERIFIED OBJECTION
TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES
AND MEMORANDUM IN SUPPORT**

1\. I, Steven Davis, a member of the settlement class in the above-captioned case, hereby object to Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses and Service Awards (the "Motion"), ECF Nos. 87 & 88, for the reasons set forth below and in the accompanying memorandum.

2\. I have resided in the United States my entire life. My current address is 734 Syracuse Ave Apt 2N, University City, MO 63130. My telephone number is (913) 683-3719. My email address is stevenxdavis@yahoo.com.

3\. I am a member of the settlement class, as provisionally certified in the Court's Preliminary Approval Order of the proposed class action Settlement Agreement, ECF No. 71, ¶ 3, because I reside in the United States; "had a consumer Google+ account for a[] period of time between January 1, 2015 and April 2, 2019" associated with the email address jurassicstrain@gmail.com; and, to the best of my knowledge, "had [my] non-public Profile Information exposed as a result of the software bugs Google announced on October 8, 2018 and December 10, 2018." No exclusion in the Settlement Agreement applies to me. *See* ECF No. 57-2, § 1.8.

4\. I object to the Motion, as it applies to the entire class, because Class Counsel has inadequately represented class members by:

1

A. providing inadequate, inaccurate, and inconsistent notice to class members of their rights and obligations.

B. making representations to the Court that contained material errors.

C. crafting an objection process that unduly burdened class members' right to be heard in this case.

D. establishing an approval schedule that made it impossible for class members to timely object to a request for attorneys' fees without tracking the Court's docket or a single page on the Settlement Website.

E. prioritizing an award of attorneys' fees over ensuring fair, reasonable, and adequate relief for class members.

5. Apart from my prior objection in this case, I have never objected to any other class action settlement, including in the last three years.

6. Pursuant to 28 U.S.C. § 1746(2), I verify under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2020.

Steven Davis
*Objector, Pro Se*
734 Syracuse Ave Apt 2N
University City, MO 63130
Cell: (913) 683-3719
Fax: (913) 273-0100
stevenxdavis@yahoo.com

## MEMORANDUM OF POINTS AND AUTHORITIES

7. Pursuant to Federal Rule of Civil Procedure 23(h)(2), Objector Steven Davis ("Davis") brings this objection to Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses and Service Awards ("Motion") under Rule 23(h)(1). ECF Nos. 87 & 88.[1] Although the Motion is authorized pursuant to an agreement of the parties, *see* Settlement Agreement, ECF No. 57-2, § 9.1, the Court should nevertheless exercise its discretion and reduce the amount of attorneys' fees awarded to Class Counsel based on Class Counsel's inadequate representation of class members, even if the Court ultimately approves the Settlement Agreement itself. *See id.* (stipulating that the Court has sole discretion to award attorneys' fees without affecting approval of the Settlement Agreement). Davis does not object to Class Counsel's request for nontaxable costs and plaintiff service awards.

### Argument

### I. Class members have not been given a meaningful opportunity to object to the Motion.

8. The Court's Approval Order states that "[a]ny Class Member may comment on, or object to . . . Class Counsel's application for attorneys' fees and costs . . . no later than one-hundred-twenty (120) days following the entry of this Order." ECF No. 71, ¶ 23 (June 10, 2020); *id.* ¶ 31 (setting "Claim, Exclusion, and Objection Deadline"). Objections were thus due on October 8, 2020. *See* Long Form Settlement Notice, at 2.[2] However, the Motion itself was not due until October 15, 2020, Approval Order, ECF No. 71, ¶¶ 26, 31, by which time class members would

---

[1] Unless otherwise noted, all ECF Nos. refer to the docket of *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (VKD) (N.D. Cal.). Pinpoint citations refer to the page numbers generated by ECF for the PDF files.

[2] https://angeion-public.s3.amazonaws.com/www.GooglePlusDataLitigation.com/docs/G%2B+Class+Action+Long+Form+Settlement+Notice+-+webdownload+v.1.pdf (last visited Oct. 3, 2020).

have already "waived" their potential objections and be "foreclosed forever from raising" them, *id.* ¶ 24. *See also* Settlement Agreement, ECF No. 57-2, § 5.2(c) ("Settlement Class Members who fail to submit timely written Objections in the manner specified . . . shall be forever barred from making any objection to the Agreement and the proposed Settlement.").

**9.** Although Class Counsel ultimately chose to file their Motion on September 28, 2020, class members did not receive notice that the Motion was filed early unless they specifically returned to the Settlement Website's Important Documents page[3] or viewed the court's public docket on or after September 28. In other words, class members who relied on the Approval Motion, Approval Order, Email Notice, and Settlement Notice would have no reason to expect they could respond to the Motion after it was filed on October 15.

**10.** The Court has a great deal of flexibility in conducting and scheduling a class action, *see* Fed. R. Civ. P. 23(d), 16(b), but the Court's directives must be consistent with the express terms of Rule 23. *Id.* r. 83(b); *see id.* r. 16(b)(3)(B) (describing permitted contents of scheduling order); Civil L.R. 16-10(b) (same). In this instance, Rule 23(h)(2) expressly enables class members to object to any motion requesting attorneys' fees. *See also* Fed. R. Civ. P. 54(d)(2)(C) (referencing "an opportunity for adversary submissions").

**11.** An objection can only be made after the underlying motion is made. *See id.* r. 54(d)(2)(A) (request for attorneys' fees "must be made by motion"); Civil L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days *after* the motion was filed." (emphasis added)). This is particularly critical where filing a motion is discretionary and an advance objection could turn out to be objecting to nothing. *See* Fed. R. Civ. P. 23(h) ("[T]he court *may* award reasonable attorneys' fees." (emphasis added)).

---

[3] https://googleplusdatalitigation.com/important-documents.php (last visited Oct. 3, 2020).

12. Furthermore, a meaningful objection to a request for attorneys' fees requires specificity. For instance, a class member might support an award of attorneys' fees in general but object to a particular hourly rate or number of hours worked; such an objection would be impossible if the class member were forced to file it before learning Class Counsel's time worked and hourly rate from their motion. Cognizant of these problems, the Ninth Circuit has reversed an award of attorneys' fees when the court established a schedule requiring class members to object before class counsel filed their motion for attorneys' fees. *See generally In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

13. This situation provides a perfect example of Class Counsel's inadequate representation. *See* Yanchunis Declaration, ECF No. 57-5, ¶ 40 ("The Notices clearly explain . . . the deadlines for objecting or opting out and how to do so."). Rather than allowing their clients an opportunity to provide input on their performance to the Court, Class Counsel has effectively foreclosed comments altogether. Even the 150-day deadline in the Draft Approval Order would have pushed the objection deadline past the time when replies to those objections were due, an equally unworkable timeframe. *See* ECF No. 57-4, ¶ 30.

14. It is unclear how and when the current timeframe was established. Preliminary Approval Hearing Transcript, ECF No. 70, at 27:17–20 (noting that Class Counsel would meet and confer with opposing counsel and submit a Microsoft Word version of the draft approval order in chambers). Regardless of who is to blame, Class Counsel had an affirmative obligation – and nearly four months – to correct a scheduling mistake with a significant impact on their clients' rights. Cal. R. Pro. Conduct 1.3(b) ("[A] lawyer . . . does not neglect or disregard, or unduly

delay a legal matter entrusted to the lawyer.").[4] Nor was this a complex question of law that "ha[s] long perplexed the courts and the bar," *see Lucas v. Hamm*, 56 Cal. 2d 583, 592 (1961), it was a basic arithmetic error that contravened binding precedent from this very circuit, district, and division. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) ("[A] schedule that requires objections to be filed before the fee motion itself is filed denies the class the full and fair opportunity to examine and oppose the motion that Rule 23(h) contemplates."), *rev'g* No. 5:05-cv-03395-JF (PVT), ECF No. 373 (N.D. Cal. Sept. 26, 2008); *see also id.* at 996 (Bybee, J., dissenting) ("I believe it is important to encourage parties . . . to raise issues with respect to attorneys' fees with the district court."); Cal. R. Pro. Conduct 1.1(b) (describing competent representation).[5]

15. Because class members received inadequate advance notice of the Motion, the Court must provide proper notice by email and give class members a meaningful opportunity to object. *See* Fed. R. Civ. P. 23(h)(1) (notice of motion for attorneys' fees must be "directed to class members in a reasonable manner"); *accord Mercury Interactive*, 618 F.3d at 993–94 ("The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed.").

---

[4] By practicing before this Court, Class Counsel is bound by the California Rules of Professional Conduct. Civil L.R. 11-3(a)(2), 11-4(a)(1).

[5] Although anyone can make a mistake, Class Counsel have stressed the importance of their skill, professional experience, and "outstanding representation" before the Court on many occasions. *E.g.*, Motion, ECF No. 88, at 14–15, 16–17; Approval Motion, ECF No. 57-1, at 22–23; Yanchunis Declaration, ECF No. 57-5, ¶¶ 19, 34; Preliminary Approval Hearing Transcript, ECF No. 70, at 11:2–4. If greater experience warrants a greater award of attorneys' fees, then a simple mistake by experienced counsel certainly warrants a greater sanction. *See* Standards for Imposing Lawyer Sanctions § 9.22(i) (Am. Bar Ass'n 1992) (recommending that "substantial experience in the practice of law" be considered an aggravating factor for attorney misconduct).

## II. The problems Davis described in his Initial Objection show inadequate representation.

16. In his Initial Objection, Davis noted several other significant errors with the Settlement Agreement, Settlement Notice, Settlement Website, and Claim Form. *See generally* ECF No. 75. Without belaboring the issues, it is worth noting that none have been resolved:

   A. Nothing has been filed on the Settlement Website or the public docket that resolves the discrepancies between the Settlement Agreement, Settlement Notice, and Approval Order.

   B. The Settlement Website still does not provide direct or indirect access to the announcements required to understand the class definition as certified.

   C. Neither the Settlement Agreement nor the Approval Order permits objectors to file objections via the Settlement Website or ensures that the Settlement Administrator will submit objections to the court before the applicable deadline, or at all.

   D. The Settlement Notice still improperly tells objectors that they "must" file their objections with the Settlement Administrator.

   E. Objectors are still required to submit their objections under oath and include a list of prior class action settlement objections, without sufficient information to determine whether they are class members, in violation of Federal Rule of Civil Procedure 23 and the Due Process Clause of the Fifth Amendment.

17. When seeking preliminary approval of the Settlement Agreement, Class Counsel nevertheless represented to the Court that "[t]he Notices clearly explain the background of the case, the terms of the settlement, the process and deadlines for filing claims, the deadlines for objecting or opting out and how to do so, and how to obtain additional information." Yanchunis Declaration, ECF No. 57-5, ¶ 40. Not only did this representation prove incorrect, it was also highly relevant to the Court's evaluation of how class members would ultimately lodge

objections to ensure a fair, reasonable, and adequate settlement.

18. Even if the Court finds the Settlement Agreement fair, reasonable, and adequate as a whole – despite Class Counsel's inadequate representation, *see* Fed. R. Civ. P. 23(e)(2)(A) – the Court must separately determine whether an award of attorneys' fees is "reasonable under the circumstances." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990). The adequacy of Class Counsel's representation of the class is a central factor in this analysis, and competence is a key element of adequate representation. *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1161 (9th Cir. 2013). In this case, it is clear that Class Counsel fell short.

### III. The record suggests that Class Counsel prioritized a lucrative award of attorneys' fees over ensuring fair, reasonable, and adequate relief for class members.

19. It is a fact of life that attorneys' fees are the chief motivating factor behind most class-action lawsuits, and the difficulty of valuing a successful settlement or judgment introduces additional risks and barriers to entry for privacy cases. Accordingly, attorneys should be entitled to seek fee awards in class action settlements as compensation for the risk of pursuing a potentially unsuccessful lawsuit. But zealous advocacy for class members requires more than a zealous pursuit of attorneys' fees. *See* Model Rules of Pro. Conduct pmbl. (Am. Bar Ass'n 1983). In privacy litigation, it is not a foregone conclusion that something is better than nothing; a settlement could easily be unfair, unreasonable, or inadequate when ten million potential claims are extinguished to provide 55 cents to each class member.

20. Because an award of attorneys' fees pits the financial interests of attorneys against their clients and a class-action defendant has no interest in how settlement funds are ultimately distributed, the Court must carefully scrutinize an award of attorneys' fees. *See generally In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). As a fiduciary for the class, the Court must put itself in the shoes of a class member bound by this settlement. *See id.* at 946.

21. At every step in this case, the opportunity for class members to voice their objections to Class Counsel and the Court has been stymied. Although nothing suggests that Class Counsel intended to suppress objections in violation of the rules, it is clear that the process for objections was deliberately limited and that those limits were implemented in a way that further shut out objectors. Only Davis, a law student, and Laura Wolf, a practicing attorney, satisfied the Court's requirements for objections in full, albeit using different language.[6] The fact that Class Counsel crafted objection procedures that enable the Court to disregard the views of all but two members of a class of ten million strongly suggests that this process has not worked the way it should, particularly when nonconforming objections still raised legitimate concerns. Approval Order, ECF No. 71, ¶ 24 (class members must "object in the manner prescribed"); *see, e.g.*, *Moore v. Verizon Commc'ns Inc.*, No. 4:09-cv-01823-SBA, 2013 WL 4610764, at *11–12 (N.D. Cal. Aug. 28, 2013) (overruling objections as "procedurally deficient").

22. There is certainly room for legitimate debate about frivolous or bad-faith objections to class-action settlements, but efforts to impose restrictions on objectors cannot come at the expense of candor and due process. Even an obnoxious client remains a client, and Class Counsel must communicate enough information for those clients to make reasonable decisions, including the decision to criticize Class Counsel's strategy and choices as unfair, unreasonable, or inadequate. Cal. R. Pro. Conduct 1.4(b). When deciding whether Class Counsel "prosecute[d] the action vigorously on behalf of the class," the Court should consider Class Counsel's

---

[6] Neither objection was flawless. Even Davis inadvertently signed only the last page of his filing, arguably failing to satisfy the exact requirements of 28 U.S.C. § 1746(2). *Compare* ECF No. 75, at 2, *with id.* at 11. *But see* 28 U.S.C. § 1746 (requiring a signature and unsworn declaration "in substantially the following form"). Davis has remedied any problems with his Initial Objection by signing this filing twice. *See supra* p. 2, *infra* p. 11. In her declaration, Ms. Wolf only verified the fact that she wrote her attached objection, not the facts therein. ECF No. 78, at 2; *see id.* at 4 ("[T]here is no indication as to what the affiant or declaration should be attesting.").

9

approach to objections as a significant negative factor in its reasonableness analysis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

## IV. Relief Requested

23. Although the Court has broad discretion when ruling on a request for attorneys' fees, some or all of the following remedies may be appropriate:

   A. Order Class Counsel to file a renewed motion for attorneys' fees and provide class members proper notice and an opportunity to object in writing, at a second hearing, or both, as required by Rule 23(h) and *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), *remanded to* No. 5:05-cv-03395-JF (PVT), ECF No. 395 (N.D. Cal. Nov. 23, 2010).

   B. Provide specific and accurate details on how objectors can object to the Motion, ensuring that the Settlement Administrator will forward any objections to the Court no matter how the Settlement Administrator receives them.

   C. Decline to factor the number of objections into the reasonableness inquiry for the settlement and presume that significantly more objectors would have objected if not for the improper notice and procedural requirements from the first round of emails. *See, e.g., Churchill Village v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (determining reaction of class members by quantity of objections).

   D. Decline to award attorneys' fees for any work Class Counsel must undertake to remedy their inadequate representation.

   E. Reduce any award of attorneys' fees to Class Counsel, perhaps by disregarding all or a portion of the expenses incurred for any work that later had to be remedied. *See Mercury Interactive*, No. 5:05-cv-03395-JF (PVT), ECF No. 395, at 2 (N.D. Cal. Mar. 3, 2011) (reducing attorneys' fees from 25% to 22% of the common fund).

**24.** An award of attorneys' fees should accurately reflect Class Counsel's performance. When millions of dollars and millions of class members are involved, it is critical that Class Counsel be held to the high standards they have set for themselves in past litigation. Similarly, other attorneys in future class actions should be reminded that it is not enough for them to do acceptable work, they must endeavor to do first-class work.

Dated this 4th Day of October, 2020.

Respectfully submitted,

Steven Davis
*Objector, Pro Se*
734 Syracuse Ave Apt 2N
University City, MO 63130
Cell: (913) 683-3719
Fax: (913) 273-0100
stevenxdavis@yahoo.com

CC: Settlement Administrator