1

2

JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:    (813) 223-5402

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:   (916) 777-7777
Facsimile:    (916) 924-1829

3

4

5

6

7

8

9

10

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:   (303) 757-3300
Facsimile:    (720) 213-5131

*Class Counsel*

11

12

13

14

15

16

17

18

**UNITED STATES DISTRICT COURT**

19

**NORTHERN DISTRICT OF CALIFORNIA**

20

**SAN JOSE DIVISION**

21

22

23

24

25

26

27

28

| | |
|---|---|
| IN RE GOOGLE PLUS PROFILE LITIGATION | No. 5:18-CV-06164 (VKD) |
| | **PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO OBJECTIONS TO PROPOSED SETTLEMENT** |
| | Date:          November 19, 2020 |
| | Time:          9:00 a.m. |
| | Courtroom:  4, 5th Floor |
| | Judge:         Hon. Edward J. Davila |

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    ARGUMENT ...........................................................................................................3

    A.    Standards for Reviewing Objections to Class Settlements .................................3

    B.    Requests for Mailed Checks should be Converted from Objections ..................4

    C.    Objections that Fail to State a Valid Basis ........................................................4

        D.    The Non-Substantive Objections to the Settlement Should be
            Overruled .........................................................................................................5

        1.    Generalized objections to the amount of the per-claimant value of
            the Settlement should be overruled ..........................................................5

        2.    Generalized objections to the entitlement to and amount of
            attorneys' fees, costs, and expenses should be overruled ........................7

    E.    The Remainder of the Objections Should be Overruled ....................................8

        1.    Objections concerning the extent of the deterrent relief overlook
            that Google has shuttered the consumer-based Google+ platform .......8

        2.    Objections lacking standing ....................................................................8

        3.    Objections to Google's liability are not proper ......................................9

        4.    Objections to the amount of relief as insufficient ................................10

        5.    Objections to the specific amount of attorneys' fees, costs, and
            expenses are left to the Court's discretion ...........................................10

        6.    Objections to service awards..................................................................11

        7.    Objections concerning the notice...........................................................11

        8.    Objections to the cy pres award are moot .............................................12

        9.    Objection 356 concerning nationwide jurisdiction of this Court ........12

        10.   Objections 555 concerning potentially disabled class members ..........12

        11.   Objection 800 was submitted by a different Charles Olson................12

    F.    Specific Submissions are Exclusion Requests, not Objections .......................12

    G.    The Court should not Consider Untimely Objections.................................13

III.   CONCLUSION .....................................................................................................13

1

## TABLE OF AUTHORITIES

2

**CASE** **PAGE**

3    *Allen v. Bedolla*, 787 F.3D 1218 (9th Cir. 2015)..................................................................2

4    *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ........................................................2

5    *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) ...........................2

6    *Californians for Disability Rights v. Cal. Dept. of Transp.*,
        2010 WL 2228531 (N.D. Cal. 2010) ...........................................................................9
7
     *Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir.  Mar. 3, 2020)....................................2
8
     *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998 (E.D. Cal. 2019) .................................3
9
     *Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR,
10       2014 WL 7247065 (N.D. Cal. Dec. 19, 2014) .............................................................2

11   *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010)........................2

12   *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)...............................1, 2

13   *Edwards v. National Mil Producers Federation*,
        No. 11-cv-04766-JSW, 2017 WL 3616638 (N.D. Cal. June 26, 2017)....................6, 8, 10
14
     *Fleshman v. Volkswagen, AG*, 139 S. Ct. 2645 (U.S. 2019)..................................................3
15
     *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ....................................................9
16
     *Hadix v. Johnson*, 322 F.3d 895 (6th Cir. 2003).................................................................11
17
     *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...........................................1, 3, 6, 8, 10
18
     *Hendricks v. StarKist Co.*,
19       No. 13-cv-00729-HSG, 2016 WL 5462423 (N.D. Cal. Sep. 29, 2016)............................4

20   *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299 (N.D. Cal. 2018)...........................1

21   *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935 (9th Cir. 2011) ...................2

22   *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122 (N.D. Cal. 2015) ......3, 6, 8, 10

23   *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3D 539 (9th Cir. 2019) ...............................2

24   *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) ...............................2

25   *In re TD Ameritrade Account Holder Litig.*,
        No. C 07-2852 SBA, 2011 WL 4079226 (N.D. Cal. Sep. 13, 2011)..........................7–10
26
     *In re TFT-LCD (Flat Panel) Antitrust Litig.*,
27       No. M 07-1827 SI, 2013 WL 1365900 (N.D. Cal. April 3, 2013).....................................7

28

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liability Litig.*,
    895 F.3d 597 (9th Cir. 2018) ........................................................................................3

*Johnson v. NPAS Solutions, Inc.*, 975 F.3d 1244 (11th Cir. 2020)................................................11

*Moore v. Verizon Comm., Inc.*,
    No. C09-1823 SBA 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013)....................................9

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ........................................................................................9

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2003) ....................................................11

*Schechter v. Crown Life Ins. Co.*,
    No. 13-cv-5596, 2014 WL 2094323 (C.D. Cal. May 19, 2014)............................3, 6, 8, 10

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........................................................................3

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990)....................................................................3

*Van Lith v. iHeartMedia + Entm't, Inc.*,
    No. 1:16-cv-00066-SKO, 2017 WL 4340337 (E.D. Cal. Sept. 29, 2017)............................2

Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, (Doc. No. 71), and in further support of Plaintiffs' Motion for Final Approval of Class Action Settlement, (Doc. Nos. 95, 96), and Plaintiffs' Motion for Attorneys Fees, Costs, Expenses, and Service Awards, (Doc. Nos. 87, 88), Plaintiffs respectfully submit this Omnibus Response in opposition to each objection ("Objection," and collectively, "Objections") to the proposed Settlement, submitted contemporaneously herewith. Plaintiffs state the following:

## I.     INTRODUCTION

Approximately 1,820,549 Class Members have submitted timely claim forms in this matter, compared with a total of only 761 timely objections submitted in this matter, (Doc. No. 96-1, ¶ 8–10); however, after accounting for duplicates and files submitted without substance (*e.g.*, photographs of plane schematics and not biographical or other identifying information),[1] that number has substantially decreased fewer than 500, which represents less than 0.03% of the entire participation from the Class. Moreover, all State Attorneys General received statutory notice of the proposed Settlement under the Class Action Fairness Act, 28 U.S.C. § 1715(b), and none have objected. (Doc. No. 96-1, ¶ 4). Especially in light of the Class' significant size, the *de minimus* number of objections to the Settlement speaks in favor of Settlement. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming district court's approval of settlement where 45 of 90,000 class members objected to the settlement);[2] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018). Such low rates of objections and opt-outs are "indicia of the approval of the class." *In re Anthem, Inc., Customer Data Sec. Breach Litig.*, No. 18-16866, 2018 WL 7890391 (9th Cir. Oct. 15, 2018), *and appeal dismissed sub nom. In re Anthem, Inc., Customer Data Sec. Breach*

---

[1] Class Counsel have confirmed with the Notice Administrator that these excluded filings remain in the custody and control of the Notice Administrator, and at the Court's request can submit the entire database for *in camera* review.

[2] Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

*Litig.*, No. 18-16826, 2018 WL 7858371 (9th Cir. Oct. 17, 2018); *Van Lith v. iHeartMedia +*
*Entm't, Inc.*, No. 1:16-cv-00066-SKO, 2017 WL 4340337, at *14 (E.D. Cal. Sept. 29, 2017)
("Indeed, it is established that the absence of a large number of objections to a proposed class
action settlement raises a strong presumption that the terms of a proposed class action settlement
are favorable to the class members."); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 589
(N.D. Cal. 2015) ("A low number of opt-outs and objections in comparison to class size is typically
a factor that supports settlement approval."); *Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR, 2014
WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action
settlement is fair, adequate, and reasonable" when relatively few class members object); *Chun-*
*Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (approving class
settlement given that absence of negative reaction strongly supports settlement).

Many of the Objections aggregate toward the following central themes: 1) that the amount
of the Settlement is not sufficient to deter Google from future conduct (disregarding that Google
entirely removed the Google+ platform); 2) that the recovery for Settlement Class Members is too
small; and 3) that Class Counsel's fee request is too big. None of the objections have merit. The
issue before this Court under Rule 23(e) of the Federal Rules of Civil Procedure is whether the
proposed Settlement is fair, reasonable, and adequate to resolve the claims of Class Members in
the United States and is free from collusion. *In re Bluetooth Headset Prods. Liability Litig.*, 654
F.3d 935, 942 (9th Cir. 2011); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 254 (N.D.
Cal. 2015) ("[C]ourts must show not only a comprehensive analysis of the [*Churchill*] factors, but
also that the settlement did not result from collusion among the parties."). "Courts reviewing class
action settlements must 'ensure[ ] that unnamed class members are protected 'from unjust and
unfair settlements affecting their rights,' while also accounting for 'the strong judicial policy that
favors settlements, particularly where complex class action litigation is concerned.'" *Campbell v.*
*Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. Mar. 3, 2020) (quoting *In re Hyundai & Kia Fuel*
*Econ. Litig.*, 926 F.3D 539, 568 (9th Cir. 2019) (en banc) (first quoting *Amchem Prods., Inc. v.*
*Windsor*, 521 U.S. 591, 623 (1997); then quoting *Allen v. Bedolla*, 787 F.3D 1218, 1223 (9th Cir.
2015)). The issue is not whether additional benefits could conceivably exist, a condition that,

1    perforce, is true of all negotiated settlements. The Settlement is fundamentally sound, provides

2    benefits to a Class of millions of individuals, and there is no hint of collusion among the parties or

3    their counsel. Plaintiffs therefore respectfully urge the Court to overrule the Objections and finally

4    approve the Settlement.

5    **II.**      **ARGUMENT**

6       **A.**      **Standards for Reviewing Objections to Class Settlements**

7         Rule 23(e) governs a district court's analysis of a class action settlement. "At the final

8    approval stage, the primary inquiry is whether the proposed settlement 'is fundamentally fair,

9    adequate, and reasonable.'" *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122,

10    1127 (N.D. Cal. 2015) (quoting *Hanlon*, 150 F.3d at 1026); *see also Carlin v. DairyAmerica, Inc.*,

11    380 F. Supp. 3d 998, 1018 (E.D. Cal. 2019) ("The Court is convinced that the above factors,

12    considerations, and lack evidence of collusion weigh in favor of settlement"). Ultimately, "the

13    decision to approve or reject a settlement is committed to the sound discretion of the trial judge

14    because [s]he is exposed to the litigants and their strategies, positions, and proof." *Hanlon*, 150

15    F.3d at 1026.  In reviewing the Settlement, the question the Court must answer "is not whether the

16    final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from

17    collusion." *Id.* at 1011, 1027; *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, &*

18    *Prod. Liability Litig.*, 895 F.3d 597, 610 (9th Cir. 2018) ("A proposed settlement that is 'fair,

19    adequate and free from collusion' will pass judicial muster.") (quoting *Hanlon*, 150 F.3d at 2027),

20    *cert. denied sub nom. Fleshman v. Volkswagen, AG*, 139 S. Ct. 2645 (U.S. 2019).

21         Class-settlement objectors sometimes assist a court with its "obligation to police the

22    settlement of class actions for evidence of collusion." *Staton v. Boeing Co.*, 327 F.3d 938, 979 (9th

23    Cir. 2003). However, those that do object bear the burden of proving any assertions they raise

24    challenging the reasonableness of a class action settlement. *United States v. Oregon*, 913 F.2d 576,

25    581 (9th Cir. 1990); *see also Schechter v. Crown Life Ins. Co.*, No. 13-cv-5596, 2014 WL 2094323,

26

27

28

at *2 (C.D. Cal. May 19, 2014) (objector bears burden of showing that settlement approval would contravene its equitable objectives).[3]

**B.     Requests for Mailed Checks should be Converted from Objections**

Objections 118, 221, 228, 244, 246, 305, 320, 378, 384, 446, 545, 554, 623, 652, 789, as well as Doc. No. 81, request that, instead of receiving any settlement amount via PayPal or ACH transfer, that these Settlement Class Members should instead receive the amount by check due to concerns with sharing their financial information. Although a third party is administering these claims, and Google will not have access to financial information, these requests total 15 of the more than 1.8 million submissions in this case. The cost to issue and mail these checks will be *de minimus* and, therefore, Class Counsel respectfully submit these objections should be converted to requests for mailed physical checks.

**C.     Objections that Fail to State a Valid Basis**

Objections 163, 330, 443, 467, 569, 678, 755, 759, and 794 fail to state any basis for objecting to final approval. For example, in Objection 163, the unidentified objector states she or he enjoys using Google's products, but that this case causes trust concerns. In Objection 330, the objector simply states he objects "to all aspects of the Settlement." In Objection 443, the objector expresses his unity with the class representatives and Class Counsel and misinterprets that the Settlement is from Google. In Objection 467, an allegedly wrongfully imprisoned individual represents that certain information in his non-specified Google accounts was lost and seeks to retain Class Counsel to pursue an alleged wrongful imprisonment case. In Objection 678, Jared Rosenberg takes issue with Class Counsel's adequacy, but provides no basis in support. In Objection 755, Cameron Morison states he sent songs and poems to two of the class

---

[3]   A number of the submitted objections failed to comply with the requirements set forth in the Settlement and the Court-approved Notice by failing to identify: (a) case name and number, (b) identification as class member, (c) representation by attorney; (d) prior class settlement objections, (e) intent to appear), and (f) including a signature or attestation. Plaintiffs address the arguments of these non-compliant objections to provide the Court with a thorough analysis of the issues, but contest their compliance for appellate-standing purposes.  *See Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *8 (N.D. Cal. Sep. 29, 2016) (court did not consider objections where objector failed to follow the procedures set forth in the class notice).

representatives. In Objection 759, in addition to the cy pres objection, Cal Davis requests that Class Counsel locate records related to real property. In Objection 794, Jackline Drate loosely compares class action settlements to the storyline of a video game. Class Counsel respectfully submit these objections should be overruled for complete failure to comply with Rule 23(e) and provide a basis for objection.

**D.    The Non-Substantive Objections to the Settlement Should be Overruled**

The overwhelming majority of objections[4] in this litigation amount to little more than a few sentences expressing dissatisfaction with the amount of relief available to claimants and the amount of attorneys' fees, costs, and expenses sought under the Settlement. These objections wholly fail to comply with Rule 23(e); however, Class Counsel addresses them by category below.

**1.    Generalized objections to the amount of the per-claimant value of the Settlement should be overruled**

Objections 9, 11, 16, 28, 32, 34, 37, 43, 44, 45, 55, 60, 61, 66, 67, 68, 69, 73, 74, 76, 81, 82, 84, 85, 86, 88, 90,[5] 94, 96, 104, 106, 110, 111, 117, 122, 123, 125, 129, 134, 136, 167, 169, 170, 177, 179, 181, 182, 207, 209, 210, 212, 213, 216, 217, 219, 220, 229, 230, 238, 245, 248, 249, 261, 277, 285, 287, 288, 291, 298, 303, 308, 319, 321, 323, 325, 326, 334, 353, 355, 357, 363, 370, 375, 377, 379, 381, 385, 390, 394, 396, 398, 399, 400, 402, 404, 405, 407, 412, 413, 414, 415, 416, 420, 421, 422, 426, 429, 433, 434, 436, 437, 442, 444, 446, 450, 453, 454, 459, 460, 461, 465, 470, 473, 482, 483, 485, 491, 505, 509, 516, 517, 518, 522, 533, 539, 540, 543, 548, 550, 552, 561, 563, 568, 578, 580, 584, 585, 595, 598, 600, 603, 608, 617, 622, 638, 640, 641, 649, 653, 655, 664, 673, 675, 676, 677, 682, 720, 739, 744, and 789 (the "General Settlement Value Objections") all generally and simply assert that the amount available to settlement members is small, and the amount of the Settlement will have no deterrent effect on Google. By way of example, in Objection 43, David Wilson states the compensation is not "an acceptable amount. I want a whole lot more if I am going to be involved in this settlement. Around $150,000 should

---

[4] The objections from the online portal have been organized according to their corresponding identification number ("ID"), and are herein referred to solely by that number.

[5] This was also filed at Doc. No. 80.

PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO OBJECTIONS
CASE NO. 5:18-CV-06164-EJD                                                                      - 5 -

1   cover my losses." Mr. Wilson, however, provides no documentation or other materials to

2   demonstrate the value of his damages. In Objection 45, the objectors allege they "have been a [sic]

3   target for scammers through all our email account, cell phones and physical address [sic]. We feel

4   that we need to get a fair compensation of atleast [sic] $ 20000 for the negligence of the Company."

5   In Objection 68, Donna Hamm opines that this litigation is nothing more than a "nuisance lawsuit"

6   and that the potential $12 payout is "not worth the effort to figure out" if she was a member of the

7   Settlement Class. In Objection 76, the objector writes in full "The settlement amount is by no

8   means sufficient." In Objection 117, William Murphy opines that $7.5 million in relief is not

9   enough, and that $750 million would be a fair amount based on Google's worth, without

10  demonstrating the amount of damages per individual support this 100x valuation.

11      In the Motion for Preliminary Approval of Class Settlement, Class Counsel presented the

12  range of values for the type of information contained in Settlement Class Members' Google+

13  profiles: between $0.20 and $29.60, with an average of $2.50 per account. (Doc. Nos. 57, p.14;

14  57-5, ¶¶ 30–31); Class Counsel reiterated this finding in the Motion for Final Approval. (Doc. No.

15  96, p.12). The amount available to Settlement Class Members falls squarely within that range,

16  certainly exceeding the bottom value of $0.20 and are anticipated to recover more than $2.00 after

17  all notice and administration costs, attorneys' fees, costs, and expenses, and service awards are

18  paid from the Settlement Fund. The amount available to Settlement Class Members is based on

19  principled calculations, and the General Settlement Value Objections offer nothing more than

20  barren contentions that the per-claimant recovery is too small. These objections wholly fail to meet

21  the burden of demonstrating what additional amount relief would be appropriate and how the

22  Settlement achieved is unreasonable. *In re Google Referrer Header Priv. Litig.*, 87 F. Supp. 3d at

23  1137; *Schechter*, 2014 WL 2094323, at *2; *see Hanlon*, 150 F.3d at 1027. Further, "it is the parties

24  themselves, as opposed to the court or the objectors, who are in the best position to assess whether

25  a settlement fairly reflects their expected outcome in litigation." *Edwards v. National Milk*

26  *Producers Federation*, No. 11-cv-04766-JSW, 2017 WL 3616638, *2 (N.D. Cal. June 26, 2017)

27  (overruling objection to settlement despite a conflict in expert valuations). "[T]he possibility that

28  a class Settlement does not fully compensate each class member for the full amount of his or her

loss is not ipso facto grounds for rejecting the Settlement. […] the risk of proceeding to trial—and possibly recovering nothing—must be weighed against the uncertainty of recovering something." *In re TD Ameritrade Account Holder Litig.*, No. C 07-2852 SBA, 2011 WL 4079226, *12 (N.D. Cal. Sep. 13, 2011) (overruling objection where purported losses were not covered by settlement). Class Counsel respectfully submit that the General Settlement Value Objections should be overruled.

### 2.    Generalized objections to the entitlement to and amount of attorneys' fees, costs, and expenses should be overruled

Similarly, objections 11, 21, 22, 23, 27, 116, 125, 149, 168, 174, 184, 213, 216, 245, 273, 283, 291, 297, 298, 302, 322, 323, 325, 355, 357, 363, 371, 377, 385, 402, 410, 413, 415, 434, 442, 444, 446, 452, 459, 461, 465, 470, 472, 484, 489, 503, 505, 519, 522, 523, 540, 541, 552, 564, 571, 575, 585, 589, 596, 600, 641, 664, 672, 680, 732, 739, and 778 (the "General Fee Objections") all generally and simply assert that the amount of attorneys' fees, costs, and expenses are too much. In the Motion for Attorneys' Fees, Costs, and Expenses, Class Counsel presented a plethora of case law supporting the fee application along with a detailed, reasonable lodestar cross-check. (Doc. No. 88) (explaining that the $1,875,000.00 fee application comprises 25% of the Settlement Fund, according exactly with the Ninth Circuit's 25% "benchmark," and reflects a 1.85 multiplier for current and anticipated lodestar) (citations omitted). For example, in Objection 672, Jon Sourbeer suggests that all attorneys fees should be vacated and provided to consumers, and that Class Counsel should not be entitled to any money for its efforts pursuing this litigation and achieving the Settlement for the benefit of the Settlement Class. Based on Class Counsel's arguments advanced in their Motion for Attorneys' Fees, Costs, and Expenses, which Class Counsel hereby incorporate by reference as though fully stated herein, as well as the lacking substance of these General Fee Objections, Class Counsel respectfully submit that the General Fee Objections should be overruled. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 1365900, *10 (N.D. Cal. April 3, 2013) (overruling general objections lacking substance to the analysis of entitlement and reasonableness of attorneys' fees).

### E.   The Remainder of the Objections Should be Overruled

#### 1.   Objections concerning the extent of the deterrent relief overlook that Google has shuttered the consumer-based Google+ platform

Objections 17, 25, 104, 114, 115, 137, 154, 171, 173, 185, 211, 227, 233, 253, 271, 274, 287, 295, 304, 311, 321, 328, 329, 364, 391, 397, 406, 408, 409, 427, 435, 447, 456, 462, 479, 482, 497, 504, 513, 535, 551, 557, 558, 565, 583, 587, 593, 606, 612, 621, 636, 637, 642, 646, 660, 668, 684, 696, 720, 734, 736, 743, 745, 769, 770, 781, and 782 (the "Deterrent Relief Objections") lodge objections to the Settlement because the value to Settlement Class Members is allegedly too low, and Google will not learn any lessons from this Litigation. These Preventative Relief Objections miss the mark: Google removed the consumer-based Google+ platform from operation in full, and therefore consumers' (including Settlement Class Members) information— whether confidential, sensitive, or even publicly available via other sources—is no longer in any position to be compromised or otherwise vulnerable to potential malicious actors. Here, the Data Leaks resulted in potential disclosure to third-party application developers, and there was no evidence of misuse. Unlike a traditional data breach where malicious actors break into servers, steal information, and use that information to perpetrate fraud, this litigation involved the unauthorized disclosure or licensure of information to third-party application developers. *In re Google Referrer Header Priv. Litig.*, 87 F. Supp. 3d at 1137; *Schechter*, 2014 WL 2094323, at \*2; *see Hanlon*, 150 F.3d at 1027; *Edwards*, 2017 WL 3616638, \*2. "[T]he possibility that a class Settlement does not fully compensate each class member for the full amount of his or her loss is not ipso facto grounds for rejecting the Settlement. [...] the risk of proceeding to trial—and possibly recovering nothing—must be weighed against the uncertainty of recovering something." *In re TD Ameritrade*, 2011 WL 4079226, \*12. Therefore, Class Counsel respectfully submit these Deterrent Relief Objections should be overruled or considered for exclusion.

#### 2.   Objections lacking standing

Objections 97, 103, 256, 368, 403, 464, 458, 547, 574, 602, and 763, as well as Doc. No. 73, (the "Lack of Standing Objections") include averments that those objectors: 1) did not have Google+ accounts; 2) did not have private information in their accounts; or 3) live outside the

United States and therefore do not fall into the Settlement Class. For example, In Objection 97, Ben Phillips wrote ". . . No competent user in their right mind entered private information into the[ fields," and demands that the lawsuit be "thrown out." In Objection 103, Petar Smiljanic, a faculty member of mechanical engineering at the University of Belgrade, not only implies he is not a United States resident, but also that Google shares no blame because "Any web-wide operating company is doing as much as they can." In Objection 368, Linda Aubert admits that she did not have a Google+ account. In Objection 458, Scott Phillips objects to the Settlement Class not including businesses for recovery. In Objection 763, Vincent Shang declares he has an "overseas account." Other objections generally state the businesses sustained damages (.

"It is well-settled that only class members may object to a class action settlement." *Moore v. Verizon Comm., Inc.*, No. C09-1823 SBA 2013 WL 4610764, *9 (N.D. Cal. Aug. 28, 2013) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); Fed. R. Civ. P. 23(e)(5)). Therefore, because non-class members lack standing, the Court need not consider them. *Id.* (citing *Californians for Disability Rights v. Cal. Dept. of Transp.*, 2010 WL 2228531, at *8 (N.D. Cal. 2010). Accordingly, these objectors lack standing and Class Counsel respectfully submit that the Lack of Standing Objections should be overruled.

### 3. Objections to Google's liability are not proper

Objections 10, 12, 22, 24, 26, 33, 71, 87, 103, 107, 112, 119, 121, 128, 133, 150, 151, 155, 176, 225, 229, 234, 260, 265, 283, 286, 300, 302, 320, 324, 325, 327, 331, 332, 335, 337, 351, 354, 358, 362, 366, 367, 371, 372, 373, 419, 488, 493, 496, 511, 538, 546, 562, 572, 575, 577, 581, 586, 589, 590, 607, 643, 650, 657, 662, 764, and 795 (the "Google Liability Objections") attack Plaintiffs and Class Counsel for this litigation and the recovery on behalf of the Settlement Class. "[T]he purpose of Rule 23(e)'s final approval process is the protection of absent class members, and not the defendant." *In re TD Ameritrade*, 2011 WL 4079226, *12 (citing *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982)). For example, in Objection 22, objector Adam Knutson states "This case is an example of pure greed. No one was harmed by Google . . . ." In Objection 24, the objector represents that "No amount of process will prevent all bugs. This appears to be an innocent software bug, which

as far as I know the company did fix as soon as they found out about it." In Objection 26, JonRiley Hoffman writes "There is no way to have perfect software, even in production you will find issues and fix them." In Objection 71, Rick Roetken states ". . . The court should dismiss this case in its entirety. There was no material damage done to any plaintiff if the settlement ceiling is $12.00." These objections are not germane to the issue of whether the Settlement is fair and therefore lack. Class Counsel respectfully submit that the Google Liability Objections should be overruled. *Id.*

### 4.    Objections to the amount of relief as insufficient should be overruled

Objections 46, 72, 83, 98, 99, 115, 124, 126, 137, 138, 145, 173, 211, 227,1 235, 237, 255, 289, 292, 293, 303, 311, 391, 397, 406, 408, 409, 427, 435, 447, 462, 510, 542, 555, 570, 583, 588, 606, 612, 621, 636, 637, 642, 646, 684, 693, 738, 734, 743, 745, 756, 765, 769, 780, 782, 785, as well as Doc. Nos. 77, 82, and 92, argue that the amount of relief is insufficient to cover credit monitoring and other potential future expenses resulting from a compromised identity, the sum should be increased based on the duration of the Data Leaks, or the value of the information contained in accounts is not appropriately compensated (such as contact information; poems, music, and other intellectual property). The amount of relief in settlement is a compromise based on the parties' respective evaluation of the case and is afforded great discretion. *In re Google Referrer Header Priv. Litig.*, 87 F. Supp. 3d at 1137; *Schechter*, 2014 WL 2094323, at *2; *see Hanlon*, 150 F.3d at 1027; *Edwards*, 2017 WL 3616638, *2. "[T]he possibility that a class Settlement does not fully compensate each class member for the full amount of his or her loss is not ipso facto grounds for rejecting the Settlement. […] the risk of proceeding to trial—and possibly recovering nothing—must be weighed against the uncertainty of recovering something." *In re TD Ameritrade*, 2011 WL 4079226, *12. Therefore, Class Counsel respectfully submit these objections should be overruled or at best considered for exclusion.

### 5.    Objections to the specific amount of attorneys' fees, costs, and expenses are left to the Court's discretion

Objections 79, 115, 137, 173, 211, 218, 227, 311, 369, 391, 397, 406, 408, 409, 427, 435, 447, 462, 503, 583, 606, 636, 642, 646, 671, 684, 734, 743, 769, 782, as well as Doc. No. 82, concern objections to the specific amount of attorneys' fees, costs, and expenses, and opine that

1   the amount should be reduced. For example, Objection 79 asks the Court to reduce the award of

2   attorneys' fees, costs, and expenses to $750,000.00; Objections 218 and 503 both argue the award

3   should be no more than 5% of the $7,500,000.00 Settlement Fund; Objection 671 urges the Court

4   to vacate all attorneys' fees and expense awards and distribute them evenly to the Settlement Class.

5   Class Counsel have advanced their arguments in their Motion and Memorandum in support of their

6   requested attorneys' fees, costs, and expenses

7                           **6.      Objections to service awards**

8          Objections 697 and 787 object to the service awards for the class representatives. Although

9   Objection 697 is curt in its assessment, Objection 787 cites to the recent decision from the Eleventh

10  Circuit in *Johnson v. NPAS Solutions, Inc.*, 975 F.3d 1244 (11th Cir. 2020) in an attempt to

11  invalidate service awards in the Ninth Circuit. While *Johnson*—a panel decision with a pending

12  petition for *en banc* review—is presently the law of the Eleventh Circuit, even the court in *Johnson*

13  recognized the conflict with Ninth Circuit and other law. 975 F.3d at 1258 (citing *Rodriguez v.*

14  *West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2003); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir.

15  2003)). Additionally, *Johnson does recognize* that certain circumstances exist where incentive or

16  service awards are appropriate based on a court's inquiry. *Id.* (for example, no guarantee to service

17  awards in settlement agreement and left to the sound discretion of the court; service award

18  permissible based on role of class representative and risk taken). As *Johnson* is not the law of this

19  Circuit, and Class Counsel have briefed the entitlement of the class representatives to service

20  awards in Class Counsel's motion for attorneys' fees, costs, and expenses, which Class Counsel

21  hereby incorporate by reference as though fully stated herein, Objection 787 should be overruled

22  and the Court should award the respective service awards.

23                          **7.      Objections concerning the notice**

24         Objections 13, 54, 279, 510, 570, and 780 contend the disseminated Notice was not

25  understandable and that more information is necessary to appreciate the implications of the

26  Settlement. This Court reviewed and approved the Notice as it was written in clear, plain language.

27  Additionally, the Settlement Website contained all pertinent documents providing even greater

28  detail.   That   this   miniscule   number   of   Settlement   Class   Members   lodged   this   objection

1  demonstrates the Notice program was appropriate and complied with due process and requirements

2  under Rule 23. Respectfully, Class Counsel submit that these objections should be overruled.

### 8.    Objections to the cy pres award are moot

4  Objections 168, 359, 430, 465, and 759 concern cy pres awards. Here, with the submitted

5  claims eclipsing 1.8 million, along with all other costs and fees to be paid from the Settlement

6  Fund, Class Counsel do not anticipate a cy pres distribution. Therefore, the objections are moot.

### 9.    Objection 356 concerning nationwide jurisdiction of this Court

8  Objection 356 questions whether this Court has jurisdiction to resolve a nationwide class.

9  This is without merit; Google is based in California and Class Counsel, in their motion for

10  preliminary approval briefed the Court's jurisdiction and hereby incorporate by reference the

11  arguments as though fully stated herein. The Court should overrules this objection.

### 10.    Objections 555 concerning potentially disabled class members

13  In Objection 555, Denise Fetters opines that some disability may prevent a Settlement

14  Class Member from being able to read the Settlement documents. Ms. Fetters, however, presents

15  no evidence in support of this objection, and Ms. Fetters' objection is the sole submission out of

16  over 1.8 million submissions to raise this issue. Respectfully, the Court overrule this objection.

### 11.    Objection 800 was submitted by a different Charles Olson

18  The final timely Objection in this case was allegedly submitted by an attorney on behalf a

19  Charles Olson; however, Class Counsel has spoken with the appointed Class Representative Olson

20  and confirmed this is coincidence and not, in fact, one of the plaintiffs in this case. The gist of

21  Objection 800 is that the Service Awards in this case do not fairly compensate them for their time

22  and efforts pursuing litigation, and that apparently the denial of attorneys' fees would deny litigants

23  access to competent counsel. Class Counsel have confirmed that, although service awards are not

24  a condition of the Settlement, the amount (if awarded) fairly compensate them for their time and

25  efforts. The remainder of the substance of this submissions has no bearing on final approval.

### F.    Certain Submissions are Exclusion Requests, not Objections

27  The objections submitted as 56, 70, 116, 208, 235, 237, 275, 532, 737, and 793 amount to

28  exclusion requests. For example, in Objection 532, Ben Bronner expresses concern as to whether

1  he may qualify as a Settlement Class Member. Class Counsel respectfully submit that the Court

2  should treat these as exclusion requests.

3  **G.    The Court should not Consider Untimely Objections**

4        Finally, in Doc. No. 94, which is an objection received by Class Counsel on October 15,

5  2020—one week after the objection deadline—and provided to the Court.[6] This objection is from

6  Steven F. Helfand, who is a former California attorney disbarred on March 22, 2020.[7] Mr. Helfand

7  is intimately familiar with the landscape of class actions and objection procedures under Rule

8  23(e), having filed eight objections to class action settlements,[8] and as an objector, he having filed

9  an additional nine objections.[9] Plainly, Mr. Helfand is familiar with the contours of Rule 23, and

10  in particular Rule 23(e), yet waited a full week after the deadline to lodge an objection. On this

11  basis alone, the Court should find Mr. Helfand's objection without merit. Additionally, Mr.

12  Helfand fails to provide details concerning the bases of his objection, fails to provide his objection

13  history, and myriad requirements under Rule 23(e) and this Court's Preliminary Approval Order.

14  **III.    CONCLUSION**

15        Class Counsel respectfully request the Court overrule all objections on the bases argued

16  herein and approve the Settlement.

17

18  [6] Mr. Helfand also mailed his objection to the Court with a postal date of October 16, 2020.

19  [7] Confirmed Twitter account for the State Bar of California, *Attorney Discipline* (April 28, 2020), *available at*: https://twitter.com/StateBarCA/status/1255165510473441280

20  [8] *See, e.g.*, ECF No. 193, *In re Yahoo! Litig.*, No. 06-cv-02737 (N.D. Cal. Dec. 14, 2009); ECF No. 136, *Perkins, et al v. LinkedIn Corp.*, No. 5:13-cv-04303 (N.D. Cal. Dec. 14, 2015); ECF No.

21  196 *Alexander, et al v. FedEx Ground Package Sys., Inc.*, No. 3:05-cv-38 (N.D. Cal. Jan. 10, 2016); ECF No. 231, *Chambers v. Whirlpool Corp., et al*, No. 8:11-cv-01733 (C.D. Cal. May 27,

22  2016); ECF No. 213, *In re JPMorgan Chase & Co. Secs. Litig.*, No. 1:12-c-v03852 (S.D.N.Y. June 10, 2016); and ECF Nos. 260, 264, 265, *Spann v. J.C. Penney Corp., Inc.*, No. 8:12-cv-00215

23  (C.D. Cal. June 30, 2016, to July 22, 2016).

24  [9] ECF No. 27, *Gay, et al v. Tom's of Maine, Inc.*, No. 0:14-cv-60604-KMM (S.D. Fla. Dec. 2, 2015); ECF No. 361, *Brown v. The Hain Celestial Group, Inc.*, No. 3:11-cv-03082 (N.D. Cal. Dec.

25  23, 2015); ECF No. 30, *Baharestan v. Venus Labs., Inc.*, No. 15-cv-03578 (N.D. Cal. Jan. 17, 2016); ECF No. 1282, *In re: Auto. Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. April 6,

26  2016); ECF No. 321, *In re: Midland Credit Mgmt., Inc., TCPA*, No. 11-md-02286 (S.D. Cal. April 14, 2016); ECF No. 101, *Mehigan v. Ascena Retail Group, Inc., et al*, No. 15-cv-00724 (E.D. Pa.

27  April 11, 2016); ECF No. 73, *Morales v. Unilever*, No. 2:13-cv-02213 (E.D. Cal. Oct. 3, 2016); ECF No. 190, *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-00003 (E.D. Va. Nov. 8, 2016); ECF

28  No. 117, *Chester v. The TJX Co., Inc.*, No. 5:15-cv-01437 (C.D. Cal. April 4, 2018).

1  Dated: November 5, 2020                    */s/ John A. Yanchunis*_____

2                                              JOHN A. YANCHUNIS (*pro hac vice*)
3                                              jyanchunis@forthepeople.com
                                               RYAN J. McGEE (*pro hac vice*)
4                                              rmcgee@forthepeople.com
                                               **MORGAN & MORGAN**
5                                              **COMPLEX LITIGATION GROUP**
                                               201 N. Franklin Street, 7th Floor
6                                              Tampa, Florida 33602
                                               Telephone:   (813) 223-5505
7                                              Facsimile:    (813) 223-5402

8
                                               Clayeo C. Arnold, SBN 65070
9                                              carnold@justice4you.com
                                               Joshua H. Watson, SBN 238058
10                                             jwatson@justice4you.com
                                               **CLAYEO C. ARNOLD**
11                                             **A PROFESSIONAL LAW CORPORATION**
                                               865 Howe Avenue
12                                             Sacramento, California 95825
                                               Telephone:   (916) 777-7777
13                                             Facsimile:    (916) 924-1829

14
                                               FRANKLIN D. AZAR (*pro hac vice*)
15                                             azarf@fdazar.com
                                               MARGEAUX R. AZAR (*pro hac vice*)
16                                             azarm@fdazar.com
                                               **FRANKLIN D. AZAR & ASSOCIATES, P.C.**
17                                             14426 East Evans Avenue
                                               Aurora, Colorado 80014
18                                             Telephone:   (303) 757-3300
                                               Facsimile:    (720) 213-5131
19

20                                             *Class Counsel*

21

22

23

24

25

26

27

28

PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO OBJECTIONS
CASE NO. 5:18-CV-06164-EJD                                                    - 14 -

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on November 5, 2020, I authorized the electronic filing of the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

5      I certify under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7      Executed on November 5, 2020.

8                                              */s/ John A. Yanchunis*
                                               John A. Yanchunis
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28