| | |
|---|---|
| JOHN A. YANCHUNIS (*pro hac vice*) | Clayeo C. Arnold, SBN 65070 |
| jyanchunis@forthepeople.com | carnold@justice4you.com |
| RYAN J. McGEE (*pro hac vice*) | Joshua H. Watson, SBN 238058 |
| rmcgee@forthepeople.com | jwatson@justice4you.com |
| **MORGAN & MORGAN** | **CLAYEO C. ARNOLD** |
| **COMPLEX LITIGATION GROUP** | **A PROFESSIONAL LAW** |
| 201 N. Franklin Street, 7th Floor | **CORPORATION** |
| Tampa, Florida 33602 | 865 Howe Avenue |
| Telephone: (813) 223-5505 | Sacramento, California 95825 |
| Facsimile: (813) 223-5402 | Telephone: (916) 777-7777 |
| | Facsimile: (916) 924-1829 |

*Counsel for Plaintiffs Matt Matic and Zak Harris*

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone: (303) 757-3300
Facsimile: (720) 213-5131

*Counsel for Plaintiffs Charles Olson and Eileen M. Pinkowski*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE PLUS PROFILE LITIGATION | Case No. 5:18-cv-06164-EJD (VKD)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING REASONABLE ATTORNEYS' FEES, COSTS AND SERVICE AWARDS; AND ENTERING FINAL JUDGMENT** |

# INTRODUCTION

This matter came before the Court for hearing on November 19, 2020 and January 7, 2021, pursuant to the Court's Preliminary Approval Order dated June 10, 2020, (ECF No. 71), and on the Plaintiffs' Motion for Final Approval of Class Action Settlement, dated October 15, 2020, (ECF No. 95) seeking final approval of the Settlement Agreement (the "Settlement"), entered into by the parties, and Plaintiffs' Omnibus Response in Opposition to Objections to Proposed Settlement, dated November 5, 2020, (ECF No. 99). The Court has also considered Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses and Service Awards, dated September 28, 2020. (ECF No. 88). Due and adequate notice having been given to the Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:[1]

# PROCEDURAL HISTORY

This case concerns the alleged exposure of Google+ users' Profile Information as a result of software bugs that Google, LLC ("Google") announced on October 8, 2018, and December 10, 2018. Following briefing from the parties on dismissal, the parties mediated this case with Mr. Randall W. Wulff, an experienced mediator, reaching a settlement after significant arms-length negotiations. (Dkt. 71, ¶ 6). The parties then memorialized the settlement into the Settlement Agreement (the "Settlement") and moved for preliminary approval on January 6, 2020, which this Court granted on June 10, 2020, after a hearing on Plaintiffs' Motion for Preliminary Approval of Class Action

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

Settlement. (Dkts. 57, 71). The Court approved the program for disseminating notice to Settlement Class Members as set forth in the Settlement and exhibits A and B attached thereto (the "Notice Program"). (Dkts. 57-2, 71). The Court appointed Plaintiffs Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski as class representatives for the Class. (Dkt. 71, ¶ 7). The Court also appointed as Class Counsel attorneys John A. Yanchunis and Ryan J. McGee of Morgan Complex Litigation Group; Clayeo C. Arnold and Joshua H. Watson of Clayeo C. Arnold Professional Law Corporation; and Franklin D. Azar and Margeaux R. Azar of Franklin D. Azar & Associates, PC. (Dkt. 71, ¶ 8).

## SUMMARY OF SETTLEMENT TERMS

Under the Settlement, Google stipulated to a nationwide settlement for the following Class:

> All persons residing within the United States who (1) had a consumer Google+ account for any period of time between January 1, 2015 and April 2, 2019; and (2) had their non-public Profile Information exposed as a result of the software bugs Google announced on October 8, 2018 and December 10, 2018.

(the "Settlement Class"). Google agreed to a non-reversionary $7,500,000.00 Settlement Fund to cover all costs associated with the Notice Program, monetary benefits to members of the Settlement Class, incentive awards for the class representatives, and Class Counsel's attorneys' fees, costs, and expenses. The Settlement represents a fair resolution of the claims asserted on behalf of the Plaintiffs and the Settlement Class Members in this Action and released by the Settlement, and fully and finally resolves all such claims. Google, Plaintiffs, and the Settlement Class Members shall be bound by the Settlement, including the Release provisions set forth in Sections 7.1 to 7.6 of the Settlement, which is incorporated by reference herein, and by this Order and the Final Judgment entered in connection with this Order.

## LEGAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). "If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." *Id.* When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir.2003). "[J]udges have the responsibility of ensuring fairness to all members of the class presented for certification." *Id.*

The law favors the compromise and settlement of class action suits. *See, e.g., Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566, 576 (9th Cir.2004); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.1992); *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir.1982). "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir.1998).

First, the district court must assess whether a class exists under Federal Rule of Civil Procedure 23(a) and (b). "Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 620 (1997). Second, the district court must carefully consider "whether a proposed settlement is fundamentally fair, adequate, and reasonable" pursuant to Federal Rule of Civil Procedure 23(e), recognizing that "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon,* 150 F.3d at 1026 (citations omitted).

An objector to a proposed settlement agreement bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement. *United States v. State of Oregon,* 913 F.2d 576, 581 (9th Cir.1990). The court iterates that the proper standard for approval of the proposed settlement is whether it is fair, reasonable, adequate, and free from collusion—not whether the class members could have received a better deal in exchange for the release of their claims. *See Hanlon,* 150 F.3d at 1027 ("Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.").

## ANALYSIS

**A. The Settlement is Fair, Adequate, and Reasonable, and is therefore Finally Approved**

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, the Court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027.

The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(e), and that Class Counsel and the Plaintiffs, as class representatives, fairly and adequately represent the interests of the Settlement Class Members. Specifically, for settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied: The Class is so numerous that joinder of all members is impractical. Moreover, there are issues that are common to the Class, including whether Google took adequate steps to prevent users' non-public Profile Information from exposure to third parties. Further, the Plaintiffs' claims arise from the same alleged course of conduct and are typical of the Class. Finally, the Court finds that the Plaintiffs and Class Counsel have adequately represented the class and that there are not conflicts among the class.

The Court finds that the Settlement, including the exhibits thereto, is fair, reasonable and adequate to the Settlement Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23. In granting final approval of the Settlement, the Court has considered the factors that courts in this Circuit consider in evaluating proposed class settlements. *See Churchill Village LLC v. General Electric Corp.*, 361 F.3d 566, 575 (9th Cir. 2004). The Court finds that, given the benefits provided to Settlement Class Members pursuant to the Settlement; the strengths and weaknesses of the parties' respective claims and defenses in the litigation; the risk, expense, complexity, and likely duration of further litigation; the fact that significant discovery and litigation have occurred in this case; given the experience and views of Class Counsel who have considerable experience litigating class actions and other complex cases; and given the positive reaction of the Settlement Class Members—more than 1.8 million claims were made with only 761 objections filed—the Settlement is fair, reasonable, and adequate and should be approved. The Court finds that the Settlement was negotiated in good faith and at arms-

length by the parties and their experienced counsel, with the assistance of a highly-capable mediator, Mr. Randall W. Wulff, and is free of any evidence of collusion. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The Court further finds, pursuant to Federal Rule of Civil Procedure 23(e)(2), that the Plaintiffs and Class Counsel have adequately represented the Class; the Settlement here was negotiated at arms-length; the settlement benefits provided under the Settlement are adequate in relation to the scope of the claims released; and that the Settlement treats the Settlement Class Members equitably relative to each other.

The parties and Settlement Administrator are hereby directed to implement the Settlement in accordance with the terms and provisions thereof.

**B. Response to Class Notice**

The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter. The Court further finds that the program for disseminating notice to the Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes notice reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, their right to object to the Settlement, and their right to appear at the Final Approval Hearing.

Approximately 1,820,549 individuals submitted timely claim forms under the terms of the Settlement. The Court provided objectors up to and including October 8, 2020, to submit timely objections, (Dkt. 71), which resulted in 761 objections.

**1. Exclusions**

The Court has reviewed the list of Settlement Class Members requesting exclusion. (Dkt. 96-1). The Court also notes that Objections 56, 70, 116, 208, 235, 237, 275, 532, 737, and 793 are also requests for exclusion, rather than objections. All of these individuals (*i.e.*, the submitted list and the enumerated objections) were timely requests for exclusion, therefore, the Court excludes these individuals from the Settlement and all relief provided therein, including any release.

### 2. Objections

First, the Court notes objections were submitted after the objection deadline of October 8, 2020. The Court has reviewed those objections and deems them untimely, and these objectors presented no legal basis for an extension of exception to their late filings. Therefore, all untimely objections are overruled. Fed. R. Civ. P. 23(c)(2)(B)(vi), (e).

Next, as stated at the hearing, the Court has carefully reviewed and considered all timely submitted objections. Objections 97, 103, 256, 368, 403, 464, 458, 547, 574, 602, and 763, as well as Dkt. 73, lack standing. These individuals represented that they did not have Google+ accounts, did not include private information in their accounts, or live outside of the United States. "It is well-settled that only class members may object to a class action settlement." *Moore v. Verizon Comm., Inc.*, No. C09-1823 SBA 2013 WL 4610764, *9 (N.D. Cal. Aug. 28, 2013) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); Fed. R. Civ. P. 23(e)(5)). Therefore, because these individuals are not Settlement Class Members by virtue of their very admissions, the Court overrules these objections. *Id.* (citing *Californians for Disability Rights v. Cal. Dept. of Transp.*, 2010 WL 2228531, at *8 (N.D. Cal. 2010).

Some objectors objected to the Notice Program. *See*, *e.g.*, Objections 13, 54, 279, 555, 510, 570, and 780. The Court carefully reviewed the Notice Program prior to its implementation, and found it to comply with all requirements under Federal Rule of Civil Procedure 23. These objections

do not alter the Court's analysis, and are therefore overruled. Similarly, Objection 356 questions whether the Court has jurisdiction to resolve a nationwide class. Google is based in California and this Court has jurisdiction to approve a national class pursuant to the Settlement. The Court overrules this objection.

Some objectors requested that any settlement amount be sent via check instead of received by PayPal or ACH transfer. *See*, *e.g.*, Objections 118, 221, 228, 244, 246, 305, 320, 378, 384, 446, 545, 554, 623, 652, 789, as well as Dkt. 81). The Court overrules these objections, but directs the Settlement Administrator to determine whether sufficient information is available for any such objector and, if that objector made a claim under the Settlement, to provide monetary payment to said objector via check, sent via U.S. Mail.

Some individuals failed to state a valid basis for objection. *See*, *e.g.*, Objections 163, 330, 443, 467, 569, 678, 755, 759, and 794). These objections both failed to state a valid basis for not approving the Settlement and therefore fail to comply with the procedures set forth in the Notice Program, *Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *8 (N.D. Cal. Sep. 29, 2016), and failed to carry their burden of proving any assertions raised in challenging the reasonableness of the Settlement. *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990); *Schechter v. Crown Life Ins. Co.*, No. 13-cv-5596, 2014 WL 2094323, at *2 (C.D. Cal. May 19, 2014). The Court overrules these objections.

Some individuals stated that Google should not have any liability in this case. *See*, *e.g.*, Objections 10, 12, 22, 24, 26, 33, 71, 87, 103, 107, 112, 119, 121, 128, 133, 150, 151, 155, 176, 225, 229, 234, 260, 265, 283, 286, 300, 302, 320, 324, 325, 327, 331, 332, 335, 337, 351, 354, 358, 362, 366, 367, 371, 372, 373, 419, 488, 493, 496, 511, 538, 546, 562, 572, 575, 577, 581, 586, 589, 590, 607, 643, 650, 657, 662, 764, and 795. "[T]he purpose of Rule 23(e)'s final

approval process is the protection of absent class members, and not the defendant." *In re TD Ameritrade*, 2011 WL 4079226, *12 (citing *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982)). These objections are not germane to the issue of whether the Settlement is fair, therefore the Court overrules these objections.

Some individuals objected to the per-claimant value of the Settlement. *See*, *e.g.*, Objections 9, 11, 16, 28, 32, 34, 37, 43, 44, 45, 46, 55, 60, 61, 66, 67, 68, 69, 72, 73, 74, 76, 81, 82, 83, 84, 85, 86, 88, 90, 94, 96, 98, 99, 104, 106, 110, 111, 115, 117, 122, 123, 124, 125, 126, 129, 134, 136, 137, 138, 145, 167, 169, 170, 173, 177, 179, 181, 182, 207, 209, 210, 211, 212, 213, 216, 217, 219, 220, 227, 229, 230, 235, 237, 238, 245, 248, 249, 255, 261, 277, 285, 287, 288, 289, 291, 292, 293, 298, 303, 308, 311, 319, 321, 323, 325, 326, 334, 353, 355, 357, 363, 370, 375, 377, 379, 381, 385, 390, 391, 394, 396, 397, 398, 399, 400, 402, 404, 405, 406, 407, 408, 409, 412, 413, 414, 415, 416, 420, 421, 422, 426, 427, 429, 433, 434, 435, 436, 437, 442, 444, 446, 447, 450, 453, 454, 459, 460, 461, 462, 465, 470, 473, 482, 483, 485, 491, 505, 509, 510, 516, 517, 518, 522, 533, 539, 540, 542, 543, 548, 550, 552, 555, 561, 563, 568, 570, 578, 580, 583, 584, 585, 588, 595, 598, 600, 603, 606, 608, 612, 617, 621, 622, 636, 637, 638, 640, 641, 642, 646, 649, 653, 655, 664, 673, 675, 676, 677, 682, 684, 693, 720, 734, 738, 739, 743, 744, 745, 756, 765, 769, 789, 780, 782, 785, as well as Dkts. 77, 82, and 92. These objections fail to comply with the procedures set forth in the Notice Program, *Hendricks*, 2016 WL 5462423, at *8 (N.D. Cal. Sep. 29, 2016), and failed to carry their burden of proving the per-claimant value of the Settlement is unfair. *United States v. Oregon*, 913 F.2d at 581; *Schechter*, 2014 WL 2094323, at *2. Class Counsel provided a range of values for the information at issue in this case, spanning from $0.20 to $29.60, with an average of $2.50 per individual. (Dkt. 57, p.14; Dkt. 57-5, ¶¶ 30–31). These objections provide no expert testimony, nor any persuasive argument to the contrary, and the Court overrules these objections. *Edwards v.*

- 10 -

*National Milk Producers Federation*, No. 11-cv-04766-JSW, 2017 WL 3616638, *2 (N.D. Cal. June 26, 2017) (overruling objections despite a conflict in expert valuations, and noting that "it is the parties themselves, as opposed to the court or the objectors, who are in the best position to assess whether a settlement fairly reflects their expected outcome in litigation."). That a settlement does not provide full compensation is not a basis for rejecting a settlement, considering the risks of proceeding to trial, recovering nothing, "must be weighed against the uncertainty of recovering something." *In re TD Ameritrade Account Holder Litig.*, No. C 07-2852 SBA, 2011 WL 4079226, *12 (N.D. Cal. Sep. 13, 2011).

Some individuals objected to the deterrent relief, essentially that Google will not learn any lessons because the value of the Settlement is not sufficient and has no lasting impact. *See*, *e.g.*, Objections 17, 25, 104, 114, 115, 137, 154, 171, 173, 185, 211, 227, 233, 253, 271, 274, 287, 295, 304, 311, 321, 328, 329, 364, 391, 397, 406, 408, 409, 427, 435, 447, 456, 462, 479, 482, 497, 504, 513, 535, 551, 557, 558, 565, 583, 587, 593, 606, 612, 621, 636, 637, 642, 646, 660, 668, 684, 696, 720, 734, 736, 743, 745, 769, 770, 781, and 782. To the contrary, Google has shuttered its consumer social media platform. The objections provide no expert testimony, nor any persuasive argument to suggest this Settlement is unfair, unreasonable, or should be rejected, and the Court overrules these objections. *Edwards*, 2017 WL 3616638, *2; *In re TD Ameritrade Account Holder Litig.*, 2011 WL 4079226, *12.

At the hearings on final approval on November 19, 2020, and January 7, 2020, the Court also heard from objectors Steven Davis, Edward Orr, and Paul Cammerena, and heard from Class Counsel as to why their objections should be overruled. The Court overrules these objections.

3.  **Service Awards**

- 11 -

The district court must evaluate named plaintiffs' awards individually, using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013). Here Plaintiffs are seeking service awards of $1,500 each. The Court finds these service awards are reasonable given Plaintiffs' protection of the Settlement Class' interests, the benefits from the Settlement, and the efforts of Plaintiffs in pursuing this case, and hereby awards service awards of $1,500 each, to Plaintiffs Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski, to compensate them for their commitments and efforts on behalf of the Settlement Class Members. Google shall pay such amounts pursuant to the terms of the Settlement. The Court finds that the requested service awards are reasonable, appropriate, and justified by the circumstances of the Plaintiffs' efforts and commitments on behalf of the Class. The Court overrules the objections to service awards. *See*, *e.g.*, Objections 697 and 787; *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2003); *Hadix v. Johnson*, 322 Fo.3d 895 (6th Cir. 2003).

### 4. Attorneys' Fees and Costs

Class Counsel requests a fee award of $1,875,000.00 in attorneys' fees and costs. Google does not oppose the fee request. The record is undisputed that the settlement negotiation was overseen by

an experienced mediator and negotiated only after all relief was obtained for the Settlement Class and therefore free from any collusion. *See, e.g., In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2017 WL 1047834, at *4 (N.D. Cal., Mar. 17, 2017) ("Volkswagen's agreement not to oppose the application does not evidence collusion and was not obtained by Class Counsel to Class Members' detriment."); *G. F. v. Contra Costa Cty.*, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) (noting that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive").

Where a settlement involves a common fund, courts typically award attorneys' fees based on a percentage of the total settlement. *See State of Fla. v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming attorney's fee award of 33% of the recovery); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney's fee award of 33% of the recovery). When determining the value of the settlement, courts consider both the monetary and non-monetary benefits conferred under the settlement terms. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 972-74 (9th Cir. 2003); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 645 (S.D. Cal. 2011), *aff'd*, 473 F. App'x. 716 (9th Cir. 2012).

In the Ninth Circuit, the benchmark for an attorney fee is 25% of the total settlement value, including the monetary and non-monetary recovery. *See Six Mexican Workers*, 904 F.2d at 1311; *see also Staton*, 327 F.3d at 974 ("[W]here the value to individual class members of benefits deriving from injunctive relief can be accurately ascertained ... courts [may] include such relief as part of the value of a common fund for purposes of applying the percentage method ...."). The benchmark percentage "can then be adjusted upward or downward to account for any unusual circumstances involved in the case." *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989). Many cases have found that between 30% and 50% of the common fund is an appropriate range when

the settlement fund is less than ten million. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (collecting cases); *see also Johnson v. Gen. Mills, Inc.*, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013) (awarding a fee award of 30% of the settlement fund in a food labeling class action). Here Class Counsel's fee request amounts to 25% of the monetary value of the settlement, which is the benchmark under Ninth Circuit law, and this Court finds no basis to deviate from that benchmark here. The Court overrules the objections to the Class Counsel's attorneys' fees. *See*, *e.g.*, Objections 11, 21, 22, 23, 27, 79, 115, 116, 125, 137, 149, 168, 173, 174, 184, 211, 213, 216, 218, 227, 245, 273, 283, 291, 297, 298, 302, 311, 322, 323, 325, 355, 357, 363, 369, 371, 377, 385, 391, 397, 402, 406, 408, 409, 410, 413, 415, 427, 434, 435, 442, 444, 446, 447, 452, 459, 461, 462, 465, 470, 472, 484, 489, 503, 505, 519, 522, 523, 540, 541, 552, 564, 571, 575, 583, 585, 589, 596, 600, 606, 636, 641, 642, 646, 664, 671, 672, 680, 684, 732, 734, 739, 743, 769, 778, 782, as well as Dkt. 82. These objections fail to carry the burden of demonstrating how the fee award is unreasonable. *See*, *e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 1365900, *10 (N.D. Cal. April 3, 2013).

### 5. Litigation Expenses

Class Counsel are also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

Here, Class Counsel seek reimbursement of current litigation costs of $64,558.23[2] and anticipated future litigation costs of $5,000.00, for a total of $69,558.23. The Court finds Class Counsel's submissions support the award of current and anticipated future litigation costs, and therefore awards Class Counsel $69,558.23 in litigation costs. Any objections to this award are overruled.

### C. Cy Pres Awards

The Settlement provided for a distribution to cy pres recipients in the event any Residual Settlement Payments remained. Based on the response from Settlement Class Members for claims made, there will be no Residual Settlement Payments, therefore this Court need not opine on any cy pres awards.

### D. Compliance with the Class Action Fairness Act

The record establishes that the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 were served, with the documentation required by 28 U.S.C. § 1715(b)(1–8). The record further establishes that no objections were received from any state attorneys general or other government entities.

### E. Releases

As of the Effective Date, Releasing Named Plaintiffs and the Releasing Class Members shall waive, release, forever discharge, and will not in any manner pursue the Released Claims as defined and set forth in Section 1.37 of the Settlement against Google, its affiliates, and their respective officers, directors, employees, members, agents, attorneys, administrators, representatives, insurers,

---

[2] The Court notes that Class Counsel sought $64,603.23; however, during the final approval hearing, it was clarified that a scrivener's error resulted in the $45 difference. The Court, therefore, considers the amount of $64,558.23, which is supported by Class Counsel's detailed declarations in support of their request. (Dkts. 88-1, 88-2, and 88-3).

- 15 -

beneficiaries, trustees, shareholders, investors, contractors, joint venturers, predecessors, successors, assigns, transferees, and all other individuals and entities acting on Google's behalf in connection with the Released Claims..

**F. Other Effects of This Order**

The Court hereby dismisses this Action with prejudice, and without fees or costs except as provided in the Settlement and this Order. Nothing in this Order or the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement. Without affecting the finality of this Order or the Final Judgment entered in connection with this Order in any way, the Court hereby retains continuing jurisdiction over:

a. all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement; and

b. the Parties, Class Counsel, and Settlement Class Members for the purpose of administering, supervising, construing and enforcing this Order and the Settlement in accordance with its terms.

Neither this Order (nor the Final Judgment entered in connection with this Order), the Settlement, nor any action taken to carry out this Order or the Final Judgment entered in connection with this Order shall be construed or used against Google or the Released Parties as an admission, concession, or evidence of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement and to make other nonmaterial modifications, in implementing the Settlement, that are not inconsistent with this Order.

The Clerk of the Court shall enter Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 25th day of January, 2021.

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE