JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:    (813) 223-5402

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:   (916) 777-7777
Facsimile:    (916) 924-1829

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:   (303) 757-3300
Facsimile:    (720) 213-5131

*Appointed Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE PLUS PROFILE LITIGATION | No. 5:18-CV-06164 (VKD)<br><br>**MOTION TO APPROVE SETTLEMENT WITH OBJECTOR**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:       Hon. Edward J. Davila |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(e)(5)(B)(ii), Plaintiffs, individually and on behalf of all others similarly situated, by and through their undersigned counsel ("Plaintiffs"), move for approval of an agreement of settlement reached between Plaintiffs and *pro se* Objector-Appellant Steven Davis ("Davis") (together, the "Parties"), entered into on May 1, 2021. Previously, the Court issued an indicative ruling and indication of approval of settlement between the Parties (the "Indicative Ruling") (Doc. No. 119). With the benefit of the Court's Indicative Ruling, the Parties formally executed their previously negotiated settlement, which was negotiated at arm's length and facilitated by a mediator with the Ninth Circuit mediation program. On May 3, 2021, Mr. Davis filed his Stipulated Motion to Remand Case, *Steven Davis, et al v. Google, Inc., et al*, No. 21-15365 (9th Cir. May 3, 2021). The Parties now wish to bring finality to this matter.

## FACTUAL BACKGROUND

On January 25, 2021, the Court granted final approval of the settlement between Plaintiffs and Defendant, Google, Inc. ("Google"), Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses and Service Awards, and entered final judgment. (Doc. Nos. 110, 111). This brought finality to litigation initiated in October of 2018 related to two alleged data leaks on Google's former social media platform. (*see generally*, Doc. No. 26). Mr. Davis timely filed his objections to the settlement reached between Plaintiffs and Google, as well as Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses and Service Awards, (Doc. Nos. 75, 91), and filed his Notice of Appeal, dated February 17, 2021. (Doc. No. 114).

Following Mr. Davis' Notice of Appeal, the Parties engaged in mediation which was facilitated with the assistance of Ninth Circuit Mediator Kay Suk. (Doc. No. 118). At all times, the negotiations were arm's length and not the product of coercion or inducement. (Doc. No. 118).

The proposed resolution included the following: 1) writing a letter to the Northern District of California's Local Rules committee proposing certain modifications to the class action settlement guidelines; 2) adjusting the attorneys' fees award based on time spent on the mediation and settlement, remitting $100,000.00 of the $1,875,000.00 fee award to the Settlement Class; and 3) pay Mr. Davis' $800.00 costs on appeal. (Doc. No. 118). After the Parties reached a proposed resolution of Mr. Davis' appeal, an indicative ruling was sought, (Doc. No. 118), and the Court entered its Indicative Ruling on April 23, 2021. (Doc. No. 119). The Parties then executed their Settlement Agreement, which is attached hereto as **Exhibit A** (the "Objector Settlement Agreement"), and Mr. Davis filed his Stipulated Motion to Remand on May 3, 2021. On May 7, 2021, the Ninth Circuit Court of Appeals remanded this matter to this Court. (Doc. No. 122).

## ARGUMENT

Rule 23(e)(5) permits class members to object to proposed class action settlements and requires court approval of any payment in connection with "forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. Fed. R. Civ. P. 23(e)(5)(A)-(B)(ii). If the parties do not obtain such approval "before an appeal has been docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending." Fed. R. Civ. P. 23(e)(5)(C). Rule 62.1 permits the court to make an indicative ruling when the court lacks authority to grant a motion because an appeal has been taken. Fed. R. Civ. P. 62.1(a)(3). After an indicative ruling, and upon remand to the Court pursuant to a motion, the Court may review and approve such a settlement. Fed. R. Civ. P. 23(e)(5)(B)(ii). The Court has now been vested with jurisdiction to review the Objector Settlement Agreement, and the Parties seek approval thereof.

The Objector Settlement Agreement was reached through arm's length negotiations between Plaintiffs' and Mr. Davis as a result of a mediation conducted by Ninth Circuit Mediator Kay Suk, and was not the product of coercion or inducement. Plaintiffs continue to maintain that

the appeal lacks merit and Mr. Davis continues to maintain that his appeal was taken in good faith. Under the aforementioned agreement, Plaintiffs through Class Counsel have agreed to do the following:

1. Write a letter to the Northern District of California's Local Rules Committee proposing certain modifications to the class action settlement guidelines;

2. Remit $100,000.00 of the attorneys' fees award instead of $130,000.00 to the Class based on time spent on the mediation and settlement; and

3. Pay Objector-Appellant $800 to cover his costs on appeal.

The Objector Settlement Agreement is in the best interests of the Settlement Class. The Objector Settlement Agreement allows the appeal to be expeditiously resolved, thereby making the Class Settlement final and expediting payment to the Settlement Class. The Settlement Class receives an additional $100,000 for distribution to the class members. Mr. Davis, on the other hand, does not personally benefit from the Settlement other than to be reimbursed by Settlement Class Counsel for his modest out-of-pocket expenses in filing the appeal; Mr. Davis believes that drawing the Local Rules Committee's attention to the issues raised in this case will be a more effective and less costly way to reduce the chance that similar concerns will arise in future class actions.

## **CONCLUSION**

Based on the foregoing, Plaintiffs and Mr. Davis respectfully request that the Court approve their agreement.

Dated: May 10, 2021

*/s/ John A. Yanchunis*
JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602

MOTION TO APPROVE SETTLEMENT WITH OBJECTOR
No. 5:18-cv-06164-EJD

| | |
|---|---|
| | Telephone:    (813) 223-5505 |
| | Facsimile:    (813) 223-5402 |

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:   (916) 777-7777
Facsimile:    (916) 924-1829

FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:    (303) 757-3300
Facsimile:    (720) 213-5131

*Appointed Class Counsel*


*/s/ Steven Davis*
Steven Davis
stevendavis@yahoo.com
734 Syracuse Ave., Apt. 2N
University City, MO 63130
Telephone: (913) 683-3719
Facsimile: (913) 273-0100

*Objector-Appellant, Pro Se*

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file this Joint Motion to Approve Settlement with Objector.

Executed on May 10, 2021.

*/s/ John A. Yanchunis*
John A. Yanchunis