# Exhibit A

## Preamble

This agreement ("Settlement Agreement" or "Agreement") is made and entered into this 1st day of May, 2021 (the "Execution Date"), by and between Plaintiffs Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski, on behalf of themselves and the Class as certified by the Court (collectively, "Plaintiffs" or "Plaintiffs-Appellees") and Objector Steven Davis ("Davis" or "Objector-Appellant") (collectively, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) on the terms and conditions of this Agreement. It is subject to approval of the United States District Court for the Northern District of California (the "Court").

## Recitals

WHEREAS, Plaintiffs brought suit on behalf of themselves and all others similarly situated for damages and declaratory and injunctive relief under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and for negligence; invasion of privacy; breach of confidence; deceit by concealment or omission; breach of contract (and in the alternative breach of the implied covenant of good faith and fair dealing) against Google; these claims are pending in the Northern District of California and captioned *In re Google Plus Profile Litigation*, Case No. 5:18-cv-06164 (the "Action");

WHEREAS, arm's-length settlement negotiations took place between Plaintiffs' Co-Lead Counsel and counsel for Google, including through an all-day mediation with Randall W. Wulff of Wulff Quinby Sochynsky Dispute Resolution (the "Settlement");

WHEREAS, on January 6, 2020, Plaintiffs moved for Preliminary Approval of the Settlement;

WHEREAS, on June 10, 2020, after holding a hearing, the Court granted preliminary approval of the Settlement, which provided an objection deadline of October 8, 2020;

WHEREAS, on August 17, 2020, Mr. Davis timely filed his Verified Objection to Preliminary Class Action Settlement and Memorandum in Support (the "Preliminary Approval Objection");

WHEREAS, on September 28, 2020, Co-Lead Counsel filed their Motion for Attorneys' Fees, Costs, and Expenses and Service Awards (the "Motion for Fee Award");

WHEREAS, on October 8, 2020, Mr. Davis, in good faith, timely filed his Verified Objection to Class Counsel's Motion for Attorneys' Fees and Memorandum in Support (the "Fee Award Objection");

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

1

WHEREAS, on October 15, 2020, Plaintiffs filed their Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval");

WHEREAS, on November 19, 2020 and January 7, 2021, the Court held hearings on Plaintiffs' Motion for Final Approval, which Mr. Davis, *inter alia*, attended and presented argument in opposition of Plaintiffs' Motion for Final Approval and Motion for Fee Award;

WHEREAS, on January 25, 2021, the Court entered its Order Granting Final Approval of Class Settlement, Awarding Reasonable Attorneys' Fees, Costs and Service Awards; and Entering Final Judgment, wherein the Settlement was approved, and Plaintiffs' Counsel were awarded $1,875,000.00 (the "Final Approval Order");

WHEREAS, on February 17, 2021, Mr. Davis filed his Notice of Appeal in good faith from a Judgment or Order of a United States District Court (the "Appeal");

WHEREAS, following the commencement of his Appeal, Mr. Davis and Class Counsel engaged settlement discussions under the supervision of Ninth Circuit Mediator Kay Suk;

WHEREAS, on April 23, 2021, a Joint Motion for Indicative Ruling as to Whether Court Will Approve Settlement with Objector was filed with the Court, explaining the Parties' negotiations and requesting an indicative ruling from the Court as to whether the negotiated settlement would be approved (the "Joint Motion");

WHEREAS, on April 23, 2021, the Court Granted the Joint Motion, stating it "anticipates that it would grant a motion to approve the settlement if the Ninth Circuit remands this action" consistent with the Parties' negotiated settlement; and

NOW, THEREFORE, in consideration of the agreements and releases set forth herein, and intending to be legally bound, it is agreed by and between Mr. Davis and the Plaintiffs that the Appeal be dismissed with prejudice, subject to the approval of the Court, on the following terms and conditions:

## Agreement

**1.    Releases**

### 1.1    No admission of liability

This Settlement Agreement is made in compromise of a dispute. Neither the Agreement nor anything that the Parties stated or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any party's fault, liability, or wrongdoing.

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

2

### 1.2  Mr. Davis' Release

Upon the Court's approval of this Agreement, Mr. Davis shall release, forever discharge, will not in any manner pursue his Appeal or make any additional objections to the Settlement or the Fee Award in the Action.

### 1.3  Plaintiffs' Release

Upon the Court's approval of this Agreement, Plaintiffs shall release, forever discharge, and will not in any manner pursue any action against Mr. Davis related to his Appeal or this Action.

### 1.4  Enforcement

The Plaintiffs and Mr. Davis' Releases shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

## 2.  Proposed Modifications to Class Action Settlement Guidelines

Class Counsel will write a letter suggesting under the Local Rule 83-2 that the judges of the District Court amend the Northern District's Procedural Guidance for Class Action Settlements to reflect that:

a) When the District Court establishes a schedule for objecting to attorney's fees, the deadline to file a motion for attorney's fees must predate the deadline for objecting to that motion by a reasonable time. This provision would bring the guidance in line with Ninth Circuit precedent. *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010); *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015).

b) The District Court may allow or require objectors to send their objections to a court-appointed settlement administrator electronically, provided that the settlement administrator shall certify before the final fairness hearing that all objections received have been duly submitted to the court.

c) The District Court may decline to file objections on the public electronic docket if they are unduly voluminous or contain personal identifying information or other scandalous matter.

## 3.  Class Counsel to Return $100,000.00 in Attorneys' Fees to the Settlement Class

On January 25, 2021, the Court awarded Class Counsel $1,875,000.00 for attorneys' fees, costs, and expenses. Class Counsel agree to remit $100,000.00 of the Fee Award for distribution to the Settlement Class consistent with the Court's Final Approval Order. For the avoidance of any

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

3

ambiguity, the Parties agree that Class Counsel are entitled to $1,775,000.00 for attorneys' fees, costs, and expenses, and the Settlement Class are entitled to a *pro rata* distribution of the remitted $100,000.00.

**4.     Reimbursement of Mr. Davis' Costs on Appeal**

Class Counsel agree to reimburse $800.00 of Mr. Davis' costs on appeal. For the avoidance of any ambiguity, Class Counsel agree to pay these costs directly. No portion of the Settlement Fund will be used to cover those costs.

**5.     Dismissal of Appeal**

Upon approval of this Agreement by the Court, the Parties shall file a stipulated motion to remand the matter to the District Court for approval of the Settlement and to dismiss the Appeal with prejudice if the District Court approves the settlement in the form attached hereto as Exhibit A.

**6.     Miscellaneous**

**6.1     Entire Agreement**

This Agreement, together with the Supplemental Settlement Agreement, constitutes the complete, final and exclusive embodiment of the entire agreement among Plaintiffs, the Settlement Class, and Mr. Davis with regard to the subject matter hereof, and supersedes all previous or contemporaneous agreements between Plaintiffs, the Settlement Class, and Mr. Davis relating to the Agreement's subject matter. It is entered into without reliance on any statements, promises, warranties or representations, written or oral, other than those expressly contained herein, and it supersedes any other statements, promises, warranties or representations.

**6.2     No Construction Against Any Party.**

The terms of the Settlement Agreement have been negotiated at arm's-length among knowledgeable parties represented by experienced counsel.  The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of the Settlement Agreement, as the Parties each participated in the drafting of the Settlement Agreement.

**6.3     Headings and Captions.**

The captions or headings in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

4

### 6.4    Severability.

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision (or part of a provision) of this Agreement is found to be invalid, illegal or unenforceable, the rest of the Agreement shall remain in effect.

### 6.5    Specific Prohibitions.

The following specific prohibitions shall apply to the Settlement Agreement as follows:

a) No Assignment: The Settlement Agreement, including any of the rights and duties of each Party under the Agreement, may not be assigned without prior written approval by the other Parties.

b) No Waiver: No Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of the Settlement Agreement. Additionally, a waiver of any breach of the Settlement Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of the Agreement.

c) No Third-Party Beneficiaries: The Settlement Agreement does not confer any benefits on any third party.

d) Execution in Counterparts: This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

### 6.6    Amendments.

Any amendment must be in writing, signed by Class Counsel and Mr. Davis, and expressly state that it is amending the Settlement Agreement.

### 6.7    Governing Law.

All claims arising out of or relating to this Agreement will be governed, interpreted, enforced, construed and controlled by the laws of the State of California, without regard to principle of conflicts or choice of law provisions.

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

5

**6.8**   **Enforcement and Jurisdiction.**

The Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

## SIGNATORIES

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

| **Plaintiffs-Appellees Matt Matic, Zak Harris, Charles Olson, and Eileen M. Pinkowski**<br><br>Agreed to: _[signature]_<br><br>Morgan & Morgan Complex Litigation Group<br><br>Agreed to: _[signature: Paul N.W.]_<br><br>Franklin D. Azar and Associates<br><br>Attorneys for Plaintiffs-Appellees and the Settlement Class | **Objector-Appellant Steven Davis**<br><br><br>Agreed to:<br><br>_[signature: StDs]_<br><br><br>Steven Davis<br>Objector-Appellant<br><br>Date: **May 1, 2021** |
|---|---|

Settlement Agreement
Mr. Davis' Appeal from *In re: Google Plus Profile Litigation*
9th Cir. No. 21-15365; N.D. Cal. No. 5:18-cv-6164-EJD

6