JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:    (813) 223-5402
FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:    (303) 757-3300
Facsimile:      (720) 213-5131

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:   (916) 777-7777
Facsimile:     (916) 924-1829

*Appointed Class Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE PLUS PROFILE LITIGATION | Case No. 5:18-cv-06164-EJD (VKD)<br><br>**UNOPPOSED MOTION [AND PROPOSED ORDER] FOR CY PRES DISTRIBUTION OF UNCLAIMED FUNDS** |

- 1 -

1    On January 25, 2021, this Court previously finally approved, and entered a Final Judgment

2    upon, the parties' class action Settlement Agreement.[1] Dkts. 110-111. Pursuant to Section 2.8(e) of

3    the Settlement Agreement, the Settlement Fund shall be applied as follows:

4         (a) To pay all Notice and Administrative Costs;
          (b) To pay the taxes described [in the Settlement Agreement];
5         (c) After the Effective Date, to pay the Fee, Cost, and Expense Award,
          and any Service Awards;
6         (d) After the Effective Date, to distribute the Net Settlement Fund to
7         Claimants in accordance with the Final Approval Order or any
          subsequent order of the Court; and
8         (e) To distribute Residual Settlement Payments (if any) to Approved
          Cy Pres Recipients.
9

10   The Settlement Agreement defines "Residual Settlement Payment" as "the amount the Cy Pres

11   Reicipient(s) shall receive from the Net Settlement Fund if any funds remain after Settlement

12   Payments are made. S.A. § 1.41. Likewise, the Court's Order Granting Final Approval stated that the

13   "Settlement provided for a distribution to cy pres recipients in the event any Residual Settlement

14   Payments remained." Dkt. 110, at ¶ C. At the time of the final approval order, no residual settlement

15   payments were anticipated, and accordingly, the Court did not opine on cy pres payments. *Id*. The

16   Final Judgment entered concurrently with the Final Approval Order provided that: "Payments under

17   the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement

18   Agreement." Dkt. 111 at 2.

19       As of this filing, the Notice and Administrative Costs total approximately $2,179,015.20, with

20   approximately $364,374.35 remaining unpaid. *See* Declaration of Steven Weisbrot, ¶ 11 attached

21   hereto as **Exhibit A** (the "Weisbrot Decl."). The Settlement Fund has paid all taxes; the Fee, Cost,

22   and Expense Award, and Service Awards. Weisbrot Decl., ¶ 12. Although approximately 1,413,960

23   electronic payments were successfully made to Settlement Class Members, approximately 229,438

24   electronic payments failed because (1) the account was closed; (2) no account existed/could not be

25

26   _____

27   [1] All capitalized terms used herein will have the meaning attributed to them in the Settlement
     Agreement (previously filed at Dkt. 57-2 and cited to herein as "S.A.") unless otherwise defined
     herein.

28

located; (3) invalid account number; (4) account was frozen; (5) stop payment on item; (6) branch sold to another DFI; (7) RDFI not qualified to participate; and, (8) credit entry was refused by the receiver. Weisbrot Decl., ¶ 10. This amounts to approximately $776,520.32 remaining for the Net Settlement Fund. Weisbrot Decl., ¶ 13.

Accounting for the remaining Notice and Administrative Costs, S.A. ¶ 2.8(a), there remains a Residual Settlement Payment of approximately $412,145.97. S.A. § 2.8; Weisbrot Decl., ¶ 13. The administrative costs to distribute an additional payment to class claimants would exceed the amount available to be distributed. Weisbrot Decl. ¶ 14. Accordingly, pursuant to Sections 1.41 and 2.8(e) of the Settlement Agreement, as well as Paragraph C of the Final Approval Order, Plaintiffs seek this Court's approval for a cy pres distribution of these Residual Settlement Payments, in accordance with the Settlement Agreement. *In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1115 (9th Cir. 2021) (settlement's distribution of common fund to cy pres recipients did not render it inadequate where distribution directly to class members would "prohibitively costly").

The cy pres recipients were selected via the procedure set forth in the Court's preliminary approval order: interested entities submitted applications for cy pres distributions to  court-appointed special master, retired Magistrate Judge Elizabeth LaPorte of JAMS (the "Special Master"). Dkt. 71 at ¶ 10. The Special Master, after reviewing the cy pres distribution applications and supporting declarations, recommended that Stanford Law School's Center for Internet and Society ("CIS") and the Electronic Privacy Information Center ("EPIC") "each be designated to receive its pro rata share of the cy pres funds." Dkt. 72-1 at 4. Specifically, the Special Master analyzed "whether the applicants met the requirements of the Court's Order Granting Preliminary Approval of Class Action Settlement" and found that both CIS and EPIC "have agreed to use cy pres funds for the intended purpose and are well positioned and therefore highly likely to do so effectively. Each has a well-established and impressive track record of effectively promoting public awareness and education and/or supporting research, development and initiatives, related to the security and/or privacy of internet browsers." Dkt. 72-1 at 3. The Special Master also noted that neither "entity is subject to a

conflict that would raise substantial questions about whether its selection was made on the merits or render it unsuitable as a recipient." Dkt. 72-1 at 3. Moreover, the Special Master noted that CIS' and EPIC's receipt of prior cy pres distributions paid by Google[2] and EPIC's filing of amicus briefs adverse to Google further support CIS' and EPIC's "suitability" as cy pres recipients. (*Id.*)

Accordingly, the Plaintiffs request that all remaining funds be distributed, cy pres, in equal parts to these two organizations. Plaintiffs have conferred with Defendants in advance of filing this motion, and Defendants do not oppose the requested relief.

---

[2] *In re Google Buzz Privacy Litigation*, 10-cv-00672 , 2011 WL 7460099 (N.D. Cal. Jun. 2, 2011) (cy pres distributions to both CIS and EPIC); *In re Google LLC St. View. Elec. Commc'ns Litig.*, No 10-MD-02184, 2020 WL 1288377 (N.D. Cal. Mar. 18, 2020) (cy pres distribution to EPIC).

- 4 -

Dated: July 15, 2022

*/s/ John A. Yanchunis*

JOHN A. YANCHUNIS (*pro hac vice*)
jyanchunis@forthepeople.com
RYAN J. McGEE (*pro hac vice*)
rmcgee@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone:   (813) 223-5505
Facsimile:   (813) 223-5402
FRANKLIN D. AZAR (*pro hac vice*)
azarf@fdazar.com
MARGEAUX R. AZAR (*pro hac vice*)
azarm@fdazar.com
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, Colorado 80014
Telephone:      (303) 757-3300
Facsimile:      (720) 213-5131

Clayeo C. Arnold, SBN 65070
carnold@justice4you.com
Joshua H. Watson, SBN 238058
jwatson@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL LAW**
**CORPORATION**
865 Howe Avenue
Sacramento, California 95825
Telephone:   (916) 777-7777
Facsimile:   (916) 924-1829

*Appointed Class Counsel*

- 5 -

1

## **<u>SIGNATURE ATTESTATION</u>**

2

     I am the ECF User whose identification and password are being used to file this Joint Motion

3

to Approve Settlement with Objector.

4

     Executed on July 15, 2022.

5

                              */s/ John A. Yanchunis*

6

                              John A. Yanchunis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

IN RE GOOGLE PLUS PROFILE
LITIGATION

Case No. 5:18-cv-06164-EJD (VKD)

**[PROPOSED ORDER] FOR CY PRES
DISTRIBUTION OF UNCLAIMED
FUNDS**

Based on the foregoing joint motion, the Court hereby finds good and orders the Claims Administrator to disburse equal amounts of the Residual Settlement Payments to:

Stanford Law School's Center for Internet and Society ("CIS"); and

The Electronic Privacy Information Center ("EPIC").

**IT IS SO ORDERED** this ___ day of _____, 2022.

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

- 7 -